DONNA CLEO FOUNTAIN v. HOLLIS T. PATRICK AND NATHANIEL WEST

No. 794SC65

(Filed 15 January 1980)

**Rules of Civil Procedure §§ 4.1, 60.2— service by publication improper—default judgments set aside**

The trial court properly set aside default judgments against defendants and dismissed plaintiff's claim upon a finding of insufficient service of process where the evidence tended to show that plaintiff gave notice by publication without first exercising due diligence in ascertaining addresses for defendants, since plaintiff had available to her certain insurance accident reports which contained addresses for each defendant.

APPEAL by plaintiff from *Strickland, Judge.* Judgment entered 30 October 1978 in Superior Court, ONSLOW County. Heard in the Court of Appeals 15 October 1979.

Plaintiff filed this action on 7 July 1977 to recover damages for injuries incurred in an automobile collision allegedly due to defendants' negligence. Civil summonses were issued and returned the same day upon certification that defendants were not to be found in Onslow County. Service of process by publication was utilized by plaintiff, a notice of publication appearing in the Jacksonville Daily News on 13 July, 20 July and 27 July 1977. An affidavit of publication was filed on 27 February 1978. Thereafter, on 17 March 1978, plaintiff filed a request for entry of default, supported by affidavit pursuant to Rule 55 of the North Carolina Rules of Civil Procedure. The Clerk of Superior Court of Onslow County entered default against defendants on 17 March 1978, and judgment by default was ordered on 22 March 1978 in favor of plaintiff on the issue of liability. The issue of damages was submitted to a jury, which returned a verdict in the amount of $12,500.

On 5 October 1978, defendants filed motions requesting that the court set aside the judgment pursuant to Rule 60(b) and dismiss plaintiff's claim because of insufficient service of process. On 20 October 1978, plaintiff filed a reply to defendants' motion, averring that service of process by publication was proper and appropriate under the circumstances.

Fountain v. Patrick

Upon hearing, on 30 October 1978, the trial court granted defendants' motion to set aside the judgment, and in addition, dismissed the action. Plaintiff appeals.

*Joseph C. Olschner for plaintiff appellant.*

*Hamilton, Bailey & Coyne, by H. Buckmaster Coyne, Jr., for defendant appellees.*

ERWIN, Judge.

The setting aside of default judgments is governed by the provisions of G.S. 1A-1, Rule 60(b) and G.S. 1A-1, Rule 55(d). Rule 60(b), relied upon by defendants in their motion to set aside the judgment, provides:

> On motion and upon terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) Mistake, inadvertence, surprise, or excusable neglect;
>
> . . .
>
> (6) Any other reason justifying relief from the operation of the judgment.

"If a movant is uncertain whether to proceed under clause (1) or (6) of Rule 60(b) he need not specify if his 'motion is timely and the reason justifies relief.' 7 Moore's Federal Practice § 60.27(2) (2d ed. 1970). The broad language of clause (6) 'gives the courts ample power to vacate judgments whenever such action is appropriate to accomplish justice.' 3 Barron and Holtzoff, Federal Practice and Procedure (Wright Ed.) § 1329.", and movant has shown a meritorious cause of action or defense and that "he himself has acted with proper diligence throughout." *Brady v. Town of Chapel Hill,* 277 N.C. 720, 723-24, 178 S.E. 2d 446, 448 (1971); *Sides v. Reid,* 35 N.C. App. 235, 241 S.E. 2d 110 (1978). Here the motion was timely, and movant specified merely Rule 60(b). Findings of fact made by the trial court upon a motion to set aside a judgment by default are binding on appeal if supported by any competent evidence. *Moore v. Deal,* 239 N.C. 224, 79 S.E. 2d 507 (1954); *City of Durham v. Keen,* 40 N.C. App. 652, 253 S.E. 2d 585, *cert. denied,* 297 N.C. 608, 257 S.E. 2d 217 (1979); *Dishman v. Dishman,* 37 N.C. App. 543, 246 S.E. 2d 819 (1978);

*Norton v. Sawyer*, 30 N.C. App. 420, 227 S.E. 2d 148, *cert. denied,* 291 N.C. 176, 229 S.E. 2d 689 (1976); *Kirby v. Asheville Contracting Co.,* 11 N.C. App. 128, 180 S.E. 2d 407, *cert. denied,* 278 N.C. 701, 181 S.E. 2d 602 (1971). Where such findings of fact support the conclusions of law and the conclusions of law support the judgment, the judgment must be affirmed. *Kleinfeldt v. Shoney's, Inc.,* 257 N.C. 791, 127 S.E. 2d 573 (1962).

Plaintiff assigns error to various findings by the trial court concerning the sufficiency of service of process on defendants. Specifically, we concern ourselves with plaintiff's contention that the trial judge committed error in finding that plaintiff had not exercised due diligence in ascertaining addresses for defendants, thereby deeming plaintiff's use of service of process by publication under Rule 4(j)(9)c inappropriate. Upon a careful review of the materials presented, we find the record supportive of the trial court's findings.

A defect in service of process by publication is jurisdictional, rendering any judgment or order obtained thereby void. *Sink v. Easter,* 284 N.C. 555, 202 S.E. 2d 138, *rehearing denied,* 285 N.C. 597, --- S.E. 2d --- (1974). A judgment by default granted without proper service of process upon the defendant is void where defendant does not otherwise waive service of process. *Kleinfeldt v. Shoney's, Inc., supra.* Service of process by publication is in derogation of the common law. Therefore, statutes authorizing service of process by publication are strictly construed, both as grants of authority and in determining whether service has been made in conformity with the statute. *Sink v. Easter, supra; Harrison v. Hanvey,* 265 N.C. 243, 143 S.E. 2d 593 (1965); *Richmond Cedar Works v. Farmers Manufacturing Co.,* 41 N.C. App. 233, 254 S.E. 2d 673, *cert. denied,* 298 N.C. 202, --- S.E. 2d --- (1979).

G.S. 1A-1, Rule 4(j)(9)c, provides for service by publication "whenever the party's address, whereabouts, dwelling house or usual place of abode is unknown and cannot with due diligence be ascertained . . . ." In the present case, the trial court ruled the plaintiff's service by publication defective, in that "the addresses of the defendants were available to the plaintiff and that the plaintiff did not use diligence to ascertain said addresses." On hearing, evidence presented indicated that plaintiff had available to him certain insurance accident reports which contained ad-

dresses for each defendant. There is no evidence that an attempt was made to mail the summonses to the addresses available. Further, there was evidence tending to show that plaintiff's counsel, a former counsel for defendants' insurance carrier, was aware of and familiar with the carrier's operating procedures concerning lawsuits, and that the carrier had address information on each of its insureds. In fact, by the time this action was commenced, plaintiff had already negotiated with defendants' insurance carrier acting on behalf of defendants. Evidence tended to show that plaintiff could have easily notified the carrier of her potential civil action and solicited aid in ascertaining defendants' addresses for purposes of service of process. Finally, it appears that plaintiff had available to her the option of requesting defendants' insurance carrier to answer the complaint voluntarily and defend the claim where the defendants could not be located, although there was no duty to do so by either party. There was no attempt to pursue any of these options. Due diligence dictates that plaintiff use all resources reasonably available to her in attempting to locate defendants. Where the information required for proper service of process is within plaintiff's knowledge or, with due diligence, can be ascertained, service of process by publication is not proper. G.S. 1A-1, Rule 4(j)(9)c; *Thomas v. Thomas*, 43 N.C. App. 638, 260 S.E. 2d 163 (1979).

Plaintiff, in opposition to defendants' motion to set aside the judgment, filed certain affidavits to the effect that all reasonable means had been taken in an attempt to ascertain defendants' addresses. The trial judge considered all the materials and ruled in defendants' favor. There was presented some evidence supporting the trial court's decision to set aside the judgment, and that ruling, therefore, must remain undisturbed.

In so holding, we affirm the trial court's determination that "the attempted service of process upon the defendants by publication was defective and void and that there has been an insufficiency of process . . . ." The court had no jurisdiction over the person of the defendants, and plaintiff's action was properly dismissed. *See Sink v. Easter, supra; Kleinfeldt v. Shoney's, Inc., supra.*

Since we find the trial court's finding of a lack of due diligence under Rule 4(j)(9)c dispositive in our review of defendants Rule 60(b) and Rule 12(b)(5) motions, we do not discuss plain-

tiff's assignments of error concerning the summonses, publication notice, and affidavit of publication.

Affirmed.

Judges PARKER and MARTIN (Robert M.) concur.