A.C. JONES, Plaintiff v. LIAM WALLIS, VIRIDIS BUILDING, INC., RICHARD M. GREENE, as Trustee and escrow agent, and AMIEL J. ROSSABI, as Trustee and escrow agent, Defendants

No. COA10-349

(Filed 19 April 2011)

**1. Process and Service—service of process—due diligence—service by publication—compliance with statutory requirements**

The trial court did not abuse its discretion in denying defendant's motion to set aside an entry of default against him in a construction loan case. Plaintiff exercised due diligence in attempting to locate defendant for purpose of service of process and plaintiff complied with all the statutory requirements for service of process by publication.

**2. Appeal and Error— execution proceedings—issue rendered moot**

Defendant's argument that the trial court erred in denying his motion to dismiss execution proceedings against him in a construction loan case was rendered moot where the Court of Appeals determined that the trial court properly denied defendant's motion to set aside the entry of default and properly granted summary judgment against defendants.

Appeal by defendants Liam Wallis and Amiel J. Rossabi from orders entered 17 June 2009 and 5 November 2009 by Judges Catherine C. Eagles and Edgar B. Gregory in Guilford County Superior Court. Heard in the Court of Appeals 13 October 2010.

*J. Patrick Adams and Joseph B. Bass III, for plaintiff-appellee.*

*Forman Rossabi Black, P.A., by Amiel J. Rossabi, Gavin J. Reardon, and Michael C. Taliercio, for defendants-appellants.*

STEELMAN, Judge.

Where Jones exercised "due diligence" in attempting to locate Wallis for purposes of service of process and Jones complied with all the statutory requirements for service of process by publication, the trial court did not err in denying Wallis' motion to set aside the entry of default against him. Where the trial court properly denied Wallis' motion to set aside the entry of default and properly granted summary judgment against Wallis and Rossabi, any issues concerning the execution proceedings are rendered moot.

## I. Factual and Procedural History

On 20 September 2004, A.C. Jones ("Jones") and Liam Wallis ("Wallis") entered into an agreement to construct homes on lots six and ten of Haw River Plantation, in Rockingham County, North Carolina. Jones was to provide a line of credit to build the homes. This was secured by a deed of trust on the two lots and a promissory note both executed by Viridis Building ("Viridis"), of which Wallis was the president. Attorney Jodi Ernest prepared the note and deed of trust. Wallis and Viridis never made timely interest payments on the note, and failed to repay the principal when it was due.

In late 2006 and early 2007, well after full payment on the note was due on 20 September 2005, the State of North Carolina began negotiating to buy all of the lots in Haw River Plantation. While attempting to secure payment of the note during the negotiation process, Jones was informed that Viridis never had title to lots six and ten of Haw River Plantation, and that he did not have a valid lien on the property. On 20 June 2008, J. Patrick Adams ("Adams"), Jones' attorney, sent a letter demanding payment in full to Viridis and Wallis at 921 Greenwood Drive, Greensboro, North Carolina and 114 S. Westgate Drive, Suite D, Greensboro, North Carolina. The entire Haw River Plantation property was eventually sold to the State of North Carolina, and approximately $3,000,000 of the proceeds from the sale were placed in trust with defendants Richard M. Greene ("Greene"), attorney for Chartwell Homes, Inc. (of which Wallis was president), and Amiel J. Rossabi ("Rossabi"), attorney for Wallis.

**JONES v. WALLIS**

[211 N.C. App. 353 (2011)]

On 16 January 2009, Jones filed a complaint against Viridis, seeking payment of sums due under the note, together with attorneys' fees. Wallis was sued individually for the sums due under the note under a piercing the corporate veil theory and also for misrepresentations made concerning the validity of the lien on lots six and ten. Greene and Rossabi were sued as escrow agents holding the proceeds of the sale of Haw River Plantation based upon Wallis' claim that he was entitled to some or all of the escrowed funds. By letter dated 16 January 2009, Adams requested that Rossabi, as counsel for Wallis and Viridis, accept service on behalf of his clients. Rossabi failed to respond to this request. On 16 January 2009, a summons was issued for Wallis and Viridis, through Wallis as its registered agent, at 2511 Patriot Way, Unit D, Greensboro, North Carolina. The Guilford County Sheriff's Department unsuccessfully attempted to serve this summons on three different occasions in February of 2009. The return of service showed that no one was living at that address. On 20 February 2009 an alias and pluries summons was issued for Wallis and Viridis at 921 Greenwood Drive, Greensboro, North Carolina. Adams personally went to the Greenwood address, but was unable to ascertain Wallis' location from the then current residents. On 23 February 2009, a second alias and pluries summons was issued. Based upon this summons, service of process by publication was commenced. On 13 April 2009, Jones filed a notice of service of process by publication and an affidavit in support of service by publication with the Clerk of Superior Court of Guilford County as to Wallis. The affidavit documented that the Sheriff of Guilford County was unable to locate Wallis at the 921 Greenwood Drive, Greensboro address, and the 2511 Patriot Way, Unit D, Greensboro address. It further stated the 921 Greenwood property was foreclosed in April of 2008. Counsel for Jones was unable to locate an address for Wallis on the Internet. A copy of the complaint was mailed to Rossabi, Wallis' counsel on 16 January 2009. A copy of the notice of service of process by publication was not mailed to Wallis because his address was not known and could not be ascertained with reasonable diligence. Default was entered against Wallis and Viridis on 15 April 2009 by the Clerk of Superior Court.

On 24 March 2009, Greene filed an answer and motion to dismiss the claims against him, which he served on Wallis by certificate of service directed to 3125 Kathleen Avenue, Unit 105, Greensboro, North Carolina. On 30 March 2009, Rossabi filed a motion to dismiss, which he did not serve on Wallis. On 1 June 2009, Wallis filed a motion to set aside the entry of default. On 17 June 2009, Wallis'

motion to set aside the entry of default was denied, and summary judgment was entered against Wallis and Viridis. A writ of execution was issued against Wallis and Viridis on 22 October 2009. On 2 November 2009, judgment was entered against Greene in favor of Jones by consent. This consent judgment awarded to Jones a constructive trust on the proceeds from the sale of Haw River Plantation held by Greene as trustee and escrow agent to the extent that Wallis was entitled to any of those proceeds. On 5 November 2009, summary judgment was entered against Rossabi granting Jones a constructive trust upon the funds held by Rossabi as trustee and escrow agent for Wallis. Wallis' motion to dismiss the execution proceedings was also denied on 5 November 2009. On 24 November 2009, Wallis and Rossabi appealed the orders entered by the trial court on 17 June 2009 denying Wallis' motion to set aside the entry of default and granting partial summary judgment against Wallis. Wallis and Rossabi also appealed the orders entered on 5 November 2009 by the trial court granting summary judgment against Rossabi and denying Wallis' motion to dismiss the execution proceedings.

## II. Motion to Set Aside Entry of Default

[1] In his first argument, Wallis contends the trial court erred in denying his motion to set aside the entry of default against him, because his address was ascertainable through "due diligence" and Jones did not comply with all statutory requirements for service of process by publication. We disagree.

### A. Standard of Review

"An entry of default may be set aside '[f]or good cause shown.' " *Brown v. Lifford*, 136 N.C. App. 379, 381, 524 S.E.2d 587, 588 (2000) (quoting N.C. Gen. Stat. § 1A-1, Rule 55(d)). "A trial court's determination of 'good cause' to set aside an entry of default will not be disturbed on appeal absent an abuse of discretion." *Id.* at 382, 524 S.E.2d at 589 (citation omitted). "A defect in service of process by publication is jurisdictional, rendering any judgment or order obtained thereby void." *Fountain v. Patrick*, 44 N.C. App. 584, 586, 261 S.E.2d 514, 516 (1980) (citation omitted). If a default judgment is void due to a defect in service of process, the trial court abuses its discretion if it does not grant a defendant's motion to set aside entry of default. *Connette v. Jones*, 196 N.C. App. 351, 354, 674 S.E.2d 751, 753 (2009) (citing *Cotton v. Jones*, 160 N.C. App. 701, 586 S.E.2d 806 (2003)).

## B. Due Diligence

Service of process on Wallis was obtained by publication. Rule 4(j1) of the North Carolina Rules of Civil Procedure provides for service of process by publication:

> (j1) *Service by publication on party that cannot otherwise be served.*—A party that cannot with due diligence be served by personal delivery, registered or certified mail, or by a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) may be served by publication. Except in actions involving jurisdiction in rem or quasi in rem as provided in section (k), service of process by publication shall consist of publishing a notice of service of process by publication once a week for three successive weeks in a newspaper that is qualified for legal advertising in accordance with G.S. 1-597 and G.S. 1-598 and circulated in the area where the party to be served is believed by the serving party to be located, or if there is no reliable information concerning the location of the party then in a newspaper circulated in the county where the action is pending. If the party's post-office address is known or can with reasonable diligence be ascertained, there shall be mailed to the party at or immediately prior to the first publication a copy of the notice of service of process by publication. The mailing may be omitted if the post-office address cannot be ascertained with reasonable diligence. Upon completion of such service there shall be filed with the court an affidavit showing the publication and mailing in accordance with the requirements of G.S. 1-75.10(a)(2), the circumstances warranting the use of service by publication, and information, if any, regarding the location of the party served.

N.C. Gen. Stat. § 1A-1, Rule 4 (2009).

Wallis contends that Jones failed to exercise the "due diligence" required by Rule 4(j1) prior to serving Wallis by publication. We disagree.

"Due diligence dictates that plaintiff use all resources reasonably available to her in attempting to locate defendants. Where the information required for proper service of process is within plaintiff's knowledge or, with due diligence, can be ascertained, service of process by publication is not proper." *Fountain*, 44 N.C. App. at 587, 261 S.E.2d at 516 (citations omitted). "The public record is generally regarded as being reasonably available, and this Court has consistently attached a level of significance to whether or not the public record has been inspected in order to ascertain an appropriate

address for service of process." *Barclays American/Mortgage Corp. v. BECA Enterprises*, 116 N.C. App. 100, 104, 446 S.E.2d 883, 886 (1994) (citations omitted). This Court has held that there is no "restrictive mandatory checklist for what constitutes due diligence" for purposes of service of process by publication; "[r]ather, a case by case analysis is more appropriate." *Emanuel v. Fellows*, 47 N.C. App. 340, 347, 267 S.E.2d 368, 372 (1980), *disc. review denied*, 301 N.C. 87 (1980).

In *Emanuel v. Fellows*, plaintiff attempted to serve defendant at the address shown in the Durham telephone directory. *Id.* at 346-47, 267 S.E.2d at 371-72. When the sheriff was unable to serve defendant at that address, counsel for plaintiff called the number. *Id.* Upon being advised that the number was no longer in service, counsel called directory assistance, and was advised that there were no other listings for defendant. *Id.* Defendant's insurance carrier was contacted, but they could provide no other address for defendant. *Id.* A copy of the summons, complaint, and notice of service of process by publication were mailed to defendant's insurance carrier. *Id.* Upon his motion to dismiss, defendant contended that service by publication was not proper, citing a laundry list of things plaintiff should have done in the exercise of "due diligence." *Id.* These included interviewing defendant's neighbors at his address, contacting the realtor selling the property, interviewing the deputy sheriff who attempted service, and contacting government agencies, including the post office, the state department of transportation, the register of deeds, and the clerk of court. *Id.*

This Court rejected these arguments, recognizing that a defendant can always come up with a list of possible lines of inquiry that a plaintiff did not undertake. Rather, we adopted a case by case analysis of whether a plaintiff acted with "due diligence" and found in *Emanuel* that plaintiff had "acted with due diligence in attempting to determine defendant's address, whereabouts or usual place of abode." *Id.*

In the instant case, Wallis and Viridis set forth a number of things that they contend plaintiff should have done to accomplish "due diligence." These include searching Division of Motor Vehicle records; use of Lexis or a similar fee-based search engine that searches multiple public databases; locate addresses for Wallis' wife and children in Guilford County; inquire of Greene or Rossabi for Wallis' current address; attempt service at the Kathleen Avenue address used by Greene; or attempt service at the Westgate Drive address used by Jones in his demand letter of 20 June 2008. We note that Rule 4(j1)

requires "due diligence," not that a party explore every possible means of ascertaining the location of a defendant.

We further note that Wallis' motion to set aside the entry of default is not verified by Wallis. Nowhere in the motion or in the affidavit of Keith Black (Rossabi's law partner) attached to this motion, does it state where Wallis was living at the time Jones was attempting to effect service, or give an address where service could have been attained. The motion acknowledges that the law firm of Forman Rossabi Black was representing Wallis, and that Jones' counsel mailed a copy of the complaint to Wallis' counsel. The motion then disingenuously asserts that Jones' counsel failed to exercise "due diligence" by not requesting that Wallis' counsel provide him with Wallis' address, when Rossabi had already refused to accept service.

In determining whether Jones acted with "due diligence," we look to the steps actually undertaken by Jones to ascertain the address of Wallis. The steps undertaken include: (1) attempted service of Wallis at his last known address, 921 Greenwood Drive; (2) searching public records to find the address of 2511 Patriot Way; (3) attempted service on Wallis at 2511 Patriot Way; (4) Internet search for Wallis; (5) counsel for Jones went personally to 921 Greenwood Drive address and talked with current residents; (6) determined from the public records that the 921 Greenwood Drive property had been foreclosed; and (7) sent copy of complaint to Wallis' attorney and requested that he accept service. We hold that under the case by case approach set forth in *Emanuel v. Fellows*, Jones' actions constituted "due diligence" justifying the use of service of process by publication as to defendants Wallis and Viridis.

Further, a plaintiff is not required to jump through every hoop later suggested by a defendant in order to meet the requirement of "due diligence." This is particularly true when there is no indication in the record that any of the steps suggested by a defendant would have been fruitful. Nothing in Wallis' motion remotely suggests that these suggested steps would have been successful in effecting service on Wallis. Rather, the record suggests that they would not have succeeded. On 27 August 2009, Wallis filed a motion to claim exempt property from execution with the court. This motion asserted that he was a "CITIZEN OF US & RESIDENT OF KENTUCKY," and that his address was "UNKNOWN, ACCEPTS SERVICE THROUGH HIS ATTY MICHAEL TALIERCIO" (another attorney with Rossabi's law firm).

Based upon the facts of this case, we hold that the trial court did not abuse its discretion in denying Wallis' motion to set aside the entry of default.

This argument is without merit.

## C. Notice of Publication

Wallis further argues that under North Carolina Rule of Civil Procedure 5(a) Jones was required to serve the notice of service of process by publication as to Wallis upon Greene and Rossabi. Wallis contends that Jones failed to comply with all statutory requirements for service by publication, and that this defect required that the trial court grant his motion to set aside the entry of default. We disagree.

Rule 5(a) states in part:

> Every order required by its terms to be served, *every pleading subsequent to the original complaint* unless the court otherwise orders because of numerous defendants, every paper relating to discovery required to be served upon a party unless the court otherwise orders, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment and similar paper shall be served upon each of the parties . . . .

N.C. Gen. Stat. § 1A-1, Rule 5(a) (2009) (emphasis added). Rule 5(b) states in part "[a] certificate of service shall accompany every pleading and every paper required to be served on any party or nonparty to the litigation, except with respect to pleadings and papers whose service is governed by Rule 4."

Rule 4(j1) states in part:

> If *the party's* post-office address is known or can with reasonable diligence be ascertained, there shall be mailed to *the party* at or immediately prior to the first publication a copy of the notice of service of process by publication. *The mailing may be omitted if the post-office address cannot be ascertained with reasonable diligence.*

N.C. Gen. Stat. § 1A-1, Rule 4(j) (emphasis added).

> "The primary goal of statutory construction is to effectuate the purpose of the legislature in enacting the statute." *Liberty Mut. Ins. Co. v. Pennington*, 356 N.C. 571, 574, 573 S.E.2d 118, 121 (2002). The first step in determining a statute's purpose is

**JONES v. WALLIS**

[211 N.C. App. 353 (2011)]

> to examine the statute's plain language. *Correll v. Division of Soc. Servs.*, 332 N.C. 141, 144, 418 S.E.2d 232, 235 (1992). "Where the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must construe the statute using its plain meaning." *Burgess v. Your House of Raleigh, Inc.*, 326 N.C. 205, 209, 388 S.E.2d 134, 136 (1990).

*State v. Hooper*, 358 N.C. 122, 125, 591 S.E.2d 514, 516 (2004). We hold that Jones complied with both North Carolina Rules of Civil Procedure 4 and 5 based upon the plain language of those statutes.

Rule 5 was intended to address orders, pleadings, and other papers *subsequent to the original complaint*. Wallis' argument is addressed to the service of the original complaint, via publication. Rule 5 is not applicable to service of a complaint by publication. Rule 4(j1) states that notice of service by publication should be mailed to "the party" being served, but does not mention other parties to the lawsuit. We hold that the language of North Carolina Rules of Civil Procedure 4 and 5 is clear and unambiguous, and does not require service of notice of service of process by publication upon every party to the lawsuit. Notice of service of process by publication only needs to be mailed to the party being served by publication. This is only required if that party's post office address can be discovered with reasonable diligence.

This argument is without merit.

## II. Execution Order

**[2]** In his second argument, Wallis contends the trial court erred in denying his motion to dismiss the execution proceedings against him because they were held months before entry of final judgment in violation of North Carolina Rule of Civil Procedure 62(a). We disagree.

Since we have held that the trial court properly denied Wallis' motion to set aside the entry of default and properly granted summary judgment against Wallis and Rossabi, any issues concerning the execution proceedings are rendered moot.

As was acknowledged by the parties at oral argument, the remaining issues raised in this appeal are also moot, and are not addressed in this opinion.

AFFIRMED.

Judges BRYANT and ERVIN concur.