INMAN, Judge.
 

 *364
 
 When a plaintiff's attempts to find and serve a defendant do not meet the due diligence standard described by Rule 4(j1) of the North Carolina Rules of Civil Procedure, service of process by publication is improper and dismissal is appropriate.
 

 Plaintiff Denise Angelista Henry ("Plaintiff") brought suit against Defendant Elena Nicole Morgan ("Defendant") for negligence. Plaintiff appeals from the trial court's order granting Defendant's motion to dismiss for lack of service of process, insufficiency of process, and insufficiency of service of process. After careful review of the record and applicable law, we hold that the trial court did not err in granting Defendant's motion and affirm.
 

 FACTUAL AND PROCEDURAL HISTORY
 

 The record and the trial court's undisputed findings of fact reveal the following:
 

 On 18 July 2014, Plaintiff and Defendant were involved in a motor vehicle accident. Plaintiff filed a complaint alleging negligence on 17 July 2017, and a civil summons was issued. The summons listed Defendant's address as 2931 Springsweet Lane, Apartment 17, Raleigh, North Carolina, and service was attempted at that address by the Wake County Sheriff's Office. The summons was returned unserved on 31 August 2017, with a deputy sheriff's note indicating that after several attempts he was unable to locate Defendant.
 

 At all times relevant to this case, Defendant has resided at 4021 Bella Park Trail, Apartment 5, Raleigh, North Carolina. Defendant's driver's license, issued 1 July 2016, reflects this fact.
 

 *477
 
 On 23 August 2017, Plaintiff's attorney participated in the mediation of an unrelated case with an attorney retained by Defendant. During this meeting, the attorneys discussed Plaintiff's difficulty serving Defendant. Plaintiff's attorney told Defendant's attorney that she would "keep him posted regarding service," but did not ask for Defendant's address.
 

 An endorsement of the original summons and complaint was issued and, on 18 September 2017, Plaintiff's attorney sent a copy to Defendant's attorney and Defendant's insurance carrier. In these communications,
 
 *365
 
 Plaintiff did not ask for Defendant's address, but instead informed Defendant's attorney that Defendant would be served by publication.
 

 Plaintiff's attorney conducted a Google search and determined that Defendant may have still resided in Raleigh, North Carolina at that time. The record reflects no evidence of any additional attempt by Plaintiff to locate Defendant. Notice of service of process by publication was published in the Midtown Raleigh News on 4 October 2017, 11 October 2017, and 18 October 2017.
 

 On 26 December 2017, Defendant filed an answer to the Complaint, including a Motion to Dismiss for lack of service of process, insufficiency of process, and insufficiency of service of process.
 

 The trial court granted Defendant's motion and entered an order dismissing Plaintiff's Complaint on 22 March 2018. Plaintiff appeals.
 

 ANALYSIS
 

 A trial court's unchallenged findings of fact are conclusive on appeal.
 
 Dreyer v. Smith,
 

 163 N.C. App. 155
 
 , 157,
 
 592 S.E.2d 594
 
 , 595 (2004). A trial court's conclusions of law are reviewed
 
 de novo
 
 .
 
 Farm Bureau v. Cully's Motorcross Park
 
 ,
 
 366 N.C. 505
 
 , 512,
 
 742 S.E.2d 781
 
 , 786 (2013). We review the trial court's conclusions that Plaintiff did not exercise due diligence in attempting to locate and serve Defendant, and that service of process by publication was therefore improper. When employing
 
 de novo
 
 review, the appellate court considers the matter anew and substitutes its judgment for that of the trial court.
 
 Blow v. DSM Pharm., Inc.,
 

 197 N.C. App. 586
 
 , 588,
 
 678 S.E.2d 245
 
 , 248 (2009).
 

 Rule 4(j1) of the North Carolina Rules of Civil Procedure provides for service of process by publication for "a party that cannot with due diligence be served" by other statutory methods. N.C. Gen. Stat. § 1A-1, Rule 4 (2017). Due diligence requires a plaintiff to "use all resources reasonably available to her in attempting to locate defendants."
 
 Fountain v. Patrick
 
 ,
 
 44 N.C. App. 584
 
 , 587,
 
 261 S.E.2d 514
 
 , 516 (1980) (citations omitted). "Where the information required for proper service of process is within plaintiff's knowledge or, with due diligence, can be ascertained, service of process by publication is not proper."
 
 Id
 
 . Because service by publication is in derogation of the common law, statutes authorizing service by this method "are strictly construed, both as grants of authority and in determining whether service has been made in conformity with the statute."
 

 Id.
 

 at 586
 
 ,
 
 261 S.E.2d at 516
 
 (citations omitted).
 

 In considering whether a plaintiff exercised due diligence in her attempts to locate and serve a defendant, this Court has refrained from
 
 *366
 
 creating a "restrictive mandatory checklist," but rather conducts a case-by-case analysis.
 
 Jones v. Wallis
 
 ,
 
 211 N.C. App. 353
 
 , 358,
 
 712 S.E.2d 180
 
 , 184 (2011) (internal quotations omitted).
 

 Here, Plaintiff's efforts to locate and serve Defendant consisted of (1) an attempt to serve the summons and complaint at an address at which Defendant did not reside and (2) a general internet search. Plaintiff also provided copies of the endorsed summons to Defendant's attorney and insurer, but did not ask either to provide Defendant's contact information or to accept service on Defendant's behalf. Plaintiff did not examine Division of Motor Vehicles ("DMV") or other public records.
 

 No individual action that Plaintiff took or failed to take is dispositive to the issue of whether or not Plaintiff exercised due diligence. For example, this Court has in the past emphasized the importance of examining public records-
 
 see
 

 *478
 

 In re Clark
 
 ,
 
 76 N.C. App. 83
 
 , 87,
 
 332 S.E.2d 196
 
 , 199 (1985) ("We find the following findings of fact most persuasive: ... [t]hat the petitioner in this matter checked no public records to determine the location and identity of the father of the minor child")-but has in another decision held that the due diligence requirement was satisfied even though a plaintiff failed to consult DMV records.
 
 Jones,
 

 211 N.C. App. at 358
 
 ,
 
 712 S.E.2d at 184
 
 .
 

 Plaintiff's argument relies heavily on comparisons to
 
 Jones
 

 .
 
 In
 
 Jones
 
 , as in this case, the plaintiff did not search DMV records, use any fee-based internet search service, or ask the defendant's counsel for the defendant's address.
 

 Id.
 

 This Court did not find these failures determinative, because "a plaintiff is not required to jump through every hoop later suggested by a defendant in order to meet the requirement of due diligence."
 
 Id
 
 at 359,
 
 712 S.E.2d at 185
 
 . But other facts in
 
 Jones
 
 -not present in this case-supported the Court's conclusion. In its analysis, this Court focused on the steps "actually undertaken" by the plaintiff, rather than methods not undertaken.
 
 Id.
 
 at 359,
 
 712 S.E.2d at 184
 
 . The plaintiff's attorney in
 
 Jones
 
 had asked the defendant's attorney to accept service of process, and the defendant's counsel refused that request, providing indicia that it would be futile for the plaintiff's attorney to ask for the defendant's address.
 
 Id
 
 . Here, Plaintiff's attorney did not ask Defendant's attorney to accept service and did not ask for Defendant's address. The plaintiff's counsel in
 
 Jones
 
 also attempted personal service at multiple addresses, searched non-DMV public records, and interviewed current residents of the defendant's former address.
 

 Id.
 

 Given that the efforts undertaken here fall short of those made in
 
 Jones
 
 , Plaintiff's failure to search any public records at all invites
 
 *367
 
 comparison to this Court's holding in
 
 Clark
 
 that the petitioner had not exercised due diligence sufficient to justify service by publication.
 
 76 N.C. App. at 87
 
 ,
 
 332 S.E.2d at 199
 
 .
 

 We cannot hold that a single failed attempt at personal service at an address where Defendant did not reside and a general internet search constitute due diligence when readily available resources were left unexplored. To do so would render meaningless the requirement that a plaintiff use all resources reasonably available to locate a defendant. Because Plaintiff failed to exercise due diligence, service of process by publication was improper, and the trial court correctly granted Defendant's motion to dismiss the action for insufficient service of process.
 

 AFFIRMED.
 

 Judges BRYANT and DAVIS concur.