An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-851

Filed 15 April 2026

Cumberland County, No. 24CVS000411-250

SHARELL FARMER, Administrator of the Estate of BRENDA JOHNSON, Plaintiff,

v.

CUMBERLAND COUNTY HOSPITAL SYSTEM, INC., d/b/a CAPE FEAR VALLEY MEDICAL CENTER, and DANIEL LEWIS, M.D., Defendants.

Appeal by defendants from order entered 24 February 2025 by Judge George R. Hicks, III, in Cumberland County Superior Court. Heard in the Court of Appeals 24 February 2026.

> *Kennedy, Kennedy, Kennedy and Kennedy, LLP, by Harold L. Kennedy, III, and Harvey L. Kennedy, for plaintiff-appellee.*
>
> *Shumaker, Loop & Kendrick, LLP, by John D. Kocher and Clark C. Cooper, for defendant-appellant Lewis.*
>
> *Phelps Dunbar LLP, by Patrick M. Meacham, for defendant-appellant Cape Fear Valley Medical Center.*

FLOOD, Judge.

Defendants Daniel Lewis, M.D., and Cumberland County Hospital System, Inc., d/b/a Cape Fear Valley Medical Center ("CFVMC"), appeal from the trial court's order denying their motions for summary judgment. On appeal, Defendants argue

the trial court erred by denying their motions for summary judgment because Plaintiff Sharell Farmer, Administrator of the Estate of Brenda Johnson, failed to properly serve Defendant Lewis with his originally filed complaint, thereby depriving the trial court of personal jurisdiction and subject matter jurisdiction in the current action. As a result, Defendants argue the claims in Plaintiff's new complaint are barred by the statute of limitations and should have been dismissed at the summary judgment stage.

After careful review, we hold Plaintiff failed to properly serve Defendant Lewis, which resulted in the statute of limitations expiring; as such, the trial court erred by denying Defendants' motions for summary judgment. We therefore reverse the trial court's order denying summary judgment.

## I. **Factual and Procedural Background**

On 22 April 2021, Plaintiff filed a complaint (the "Original Complaint") in Cumberland County Superior Court, alleging claims of medical malpractice by Defendant Lewis, which resulted in the death of Brenda Johnson on 23 December 2018. Plaintiff brought the same claims against Defendant CFVMC on a theory of vicarious liability. The Original Complaint was filed on the same day the statute of limitations expired.

Plaintiff attempted to serve Defendant Lewis with the Original Complaint and summons on 22 April 2021 at CFVMC's Fayetteville location by means of personal service via the Cumberland County Sheriff's Office but was unsuccessful; Defendant

Lewis had not previously worked at that location, and the Return of Service stated: "Defendant WAS NOT served for the following reason: Defendant works at Cape Fear Valley Hoke Campus in Hoke Co[unty]."

After this unsuccessful attempt, Plaintiff issued Alias & Pluries summonses (the "A&P Summonses") on 14 July 2021, 29 September 2021, and 17 December 2021. After conducting an internet search and finding addresses for a "Dr. Lewis" in Hoke County, North Carolina, and in Greenville, Tennessee, Plaintiff sent copies of the A&P Summonses to those addresses. The Sheriff's Offices serving those locations, however, informed Plaintiff that Defendant Lewis did not reside at either address; rather, it was a different "Dr. Lewis" at each address.

Beginning on 6 January 2022, Plaintiff attempted service by publication in the Fayetteville Observer in Fayetteville, North Carolina. Although the Return of Service in the Original Complaint indicated that Defendant worked in Hoke County, North Carolina, Plaintiff did not contact that facility, nor did he attempt service by publication in Hoke County. Plaintiff did not issue another A&P Summons after 17 December 2021.

Plaintiff voluntarily dismissed the original action against Defendant Lewis without prejudice on 19 January 2023, and against Defendant CFVMC on 16 February 2023. Nearly a year later, on 18 January 2024, Plaintiff filed a new complaint (the "New Complaint") in Cumberland County Superior Court against both Defendants, setting forth the same allegations of medical malpractice as in the

Original Complaint. On 10 June 2024, Plaintiff successfully served Defendant Lewis via the Charleston County, South Carolina Sheriff's Office with a summons and the New Complaint at his home address, where Defendant Lewis had resided since 31 August 2017.

Defendants moved to dismiss the New Complaint, alleging that, because Plaintiff violated Rule 4 of the North Carolina Rules of Civil Procedure and failed to properly serve Defendant Lewis, the statute of limitations had elapsed with respect to Defendant Lewis. At the hearing on Defendants' motions on 14 February 2024, the trial court converted Defendants' motions to dismiss into motions for summary judgment without objection. The trial court subsequently denied both motions, but certified its order denying the motions for immediate appeal pursuant to Rule 54 of the North Carolina Rules of Civil Procedure, noting that, "in this particular case, . . . by the barest of margins, I think [] [P]laintiff exercised due diligence in attempting to serve [Defendant Lewis]." In certifying the order for immediate appeal, the trial court stated its decision was a "close question of law," and that reversal by this Court "would be dispositive as to all issues and parties in this case."

## II. <u>Jurisdiction</u>

As an initial matter, we note that orders denying a motion for summary judgment are ordinarily interlocutory and not immediately appealable, *see Tridyn Industries, Inc. v. American Mut. Ins. Co.*, 296 N.C. 486, 488–89 (1979), and Defendants concede the trial court's denial of their motions "does not serve as a basis

for an immediate right of appeal." Although the trial court certified its order for immediate appeal pursuant to Rule 54(b) of the North Carolina Rules of Civil Procedure, which allows immediate appeal of interlocutory orders "where the trial court enters a *final judgment* with respect to one or more, but less than all of the parties or claims, and the court certifies the judgment as immediately appealable under Rule 54(b)[,]" *Russell v. State Farm Ins. Co.*, 136 N.C. App. 798, 800–01 (2000) (emphasis added), the "denial of a motion for summary judgment is not a final judgment . . . even if the trial court has attempted to certify it for appeal under Rule 54(b)[,]" *Cagle v. Teachy*, 111 N.C. App. 244, 247 (1993).

Accordingly, Defendant Lewis has filed a petition for writ of certiorari, requesting this Court exercise its discretion pursuant to Rule 21 of the North Carolina Rules of Appellate Procedure to permit appellate review of the trial court's order. He contends the writ should issue because (1) "the right to appeal legal questions and issues raised by the denial of a motion for summary judgment may otherwise be lost, as the denial of a motion for summary judgment is not reviewable on appeal from a final judgment rendered at a trial on the merits"; and (2) "this case is one in which judicial economy and the resources of both the trial court and the [p]arties will best be served by reaching the merits of the present appeal which concerns a single dispositive question of law."

Pursuant to Rule 21(a)(1) of the North Carolina Rules of Appellate Procedure, "this Court may in its discretion issue a writ of certiorari 'in appropriate

circumstances . . . to permit review of the judgments and orders of trial tribunals . . . when no right of appeal from an interlocutory order exists[.]'" *Lakins v. W. N.C. Conference of the United Methodist Church*, 283 N.C. App. 385, 390 (2022) (quoting N.C. R. App. P. 21(a)(1)). "Such appropriate circumstances exist when review will serve the expeditious administration of justice or some other exigent purpose." *Id.* (citation and internal quotation marks omitted). "Further, the writ of certiorari is a discretionary writ, to be issued only for good and sufficient cause shown." *Id.* (citation and internal quotation marks omitted). To justify granting the writ, therefore, "[a] petition for the writ must show merit or that error was probably committed below." *Id.* at 391.

We have historically granted petitions for writ of certiorari concerning summary judgment where the issues on appeal are strictly legal, not requiring further "factual development" at trial. *See Lamb v. Wedgewood S. Corp.*, 308 N.C. 419, 425 (1983) (holding this Court properly granted a petition for writ of certiorari to review a trial court's order denying summary judgment because "[t]he issue is strictly a legal one and its resolution is not dependent on further factual development"). Moreover, for the reasons explained more fully below, we conclude there is merit in Defendants' underlying challenges to the trial court's order. *See Lakins*, 283 N.C. App. at 391. Thus, in our discretion, we grant Defendant's petition for writ of certiorari pursuant to Rule 21(a)(1) and proceed to the merits of the appeal.

### III. <u>Standard of Review</u>

We review "decisions arising from trial court orders granting or denying motions for summary judgment using a de novo standard of review." *Cummings v. Carroll*, 379 N.C. 347, 358 (2021) (citation omitted). "When conducting de novo review, the appellate court considers the matter anew and freely substitutes its own judgment for that of the lower tribunal." *Lakins,* 283 N.C. App. at 391 (citation and internal quotation marks omitted).

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C.G.S. § 1A-1, Rule 56(c) (2023).

## IV. <u>Analysis</u>

On appeal, Defendants argue Plaintiff "failed to exercise the reasonable due diligence required by Rule 4 of the North Carolina Rules of Civil Procedure prior to attempting service on [Defendant] Lewis by publication" in the Original Complaint. Defendants argue, therefore, that by failing to properly serve Defendant Lewis prior to voluntarily dismissing the Original Complaint, the statute of limitations was never tolled, and Plaintiff's New Complaint is now time-barred. We agree.

Rule 4(j1) of the North Carolina Rules of Civil Procedure provides that "[a] party that cannot *with due diligence* be served by personal delivery, registered or certified mail, or by a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) may be served by publication." N.C.G.S. § 1A-1, Rule 4(j1) (2023) (emphasis

added). "Due diligence requires a plaintiff to 'use all resources reasonably available to [him] in attempting to locate [the] defendants.'" *Henry v. Morgan*, 264 N.C. App. 363, 365 (2019) (quoting *Fountain v. Patrick*, 44 N.C. App. 584, 587 (1980)). "Where the information required for proper service of process is within [the] plaintiff's knowledge or, with due diligence, can be ascertained, service of process by publication is not proper." *Id.* Due diligence does not, however, require a plaintiff "to jump through every hoop later suggested by a defendant in order to meet the requirement of due diligence." *Id.* at 366.

Nevertheless, "[b]ecause service by publication is in derogation of the common law, statutes authorizing service by this method are strictly construed, both as grants of authority and in determining whether service has been made in conformity with the statute." *Id.* at 365 (citation and internal quotation marks omitted). "In considering whether a plaintiff exercised due diligence in [his] attempts to locate and serve a defendant, this Court has refrained from creating a 'restrictive mandatory checklist,' but rather conducts a case-by-case analysis." *Id.* at 365–66 (quoting *Jones v. Wallis*, 211 N.C. App. 353, 358 (2011)).

Here, Defendant Lewis argues that, because the first return of service on the original summons indicated that Defendant Lewis worked at Cape Fear Valley Hoke Campus in Hoke County, North Carolina, Plaintiff's failure to attempt to serve Defendant Lewis "at that facility, or even attempt to contact that facility to inquire after" Defendant Lewis "alone, without more, demonstrates the patent

unreasonableness of [Plaintiff's] attempts to locate and serve [Defendant] Lewis before resorting to notice by publication." Defendant CFVMC similarly argues that, by failing to "perform a search for [Defendant] Lewis on the North Carolina Medical Board's website[,]" which indicated Defendant Lewis worked in Charleston County, South Carolina—the same county in which Plaintiff successfully served Defendant Lewis with the New Complaint, and the address at which Defendant Lewis had worked from 2009 to 2023—Plaintiff "failed to act with the required due diligence." Plaintiff, in turn, contends he exercised due diligence prior to attempting service by publication because he "accessed the telephone directory in Fayetteville/Cumberland County for 2021, and the operator assistance via 411"; conducted "[t]wo internet searches"; and "contacted" the North Carolina Medical Board but still "had no reliable information concerning any other address for [Defendant Lewis,]" despite attempting "unsuccessfully to serve him on three prior occasions."

To support his contention, Plaintiff argues this case is controlled by *Builders Mut. Ins. Co. v. Neibel*, 293 N.C. App. 1 (2024). In *Neibel*, the plaintiff attempted to serve the defendant by mail at three different addresses, using information obtained from billing and insurance records. *Id.* at 3. After an attempted summons at the defendant's residential address in Watauga County was returned unclaimed, the plaintiff attempted service at an Indiana address on file with the North Carolina Licensing Board for General Contractors, which was also returned unclaimed. *Id.* After a third unsuccessful attempt at service at a different residential address, the

plaintiff served the defendant by publication in the Watauga County Democrat Newspaper, as Watauga County was the defendant's last known address. *Id.* at 4.

In holding the plaintiff exercised due diligence prior to attempting service by publication, this Court explained,

> [the p]laintiff utilized their own records and the public record to attempt service on [the d]efendant at business and residential addresses in Watauga County. Moreover, [the p]laintiff attempted service at the Indiana *address on file with the Licensing Board* for General Contractors. On the facts of this case, we conclude [the p]laintiff exercised due diligence in making multiple attempts to personally serve [the d]efendant with the 2010 Complaint. This is particularly so where [the d]efendant has not forecast that any other attempts would have been fruitful.

*Id.* at 7 (emphasis added).

We find *Neibel* distinguishable from the present case. First, unlike the return of service in *Neibel,* which "was not served because [the d]efendant could not be located at those addresses," *see id.* at 4, the first return of service here explicitly indicated that "Defendant works at Cape Fear Valley Hoke Campus in Hoke Co[unty]." Accordingly, "the information required for proper service of process [was] within [P]laintiff's knowledge," yet Plaintiff did not attempt to contact the Hoke Campus to inquire further, nor attempt service at that location. *See Henry,* 264 N.C. App. at 365.

Next, although Plaintiff's counsel's affidavit purports that he "contacted the NC Medical Board[,]" the Record lacks any indication showing how Plaintiff's counsel

contacted the Medical Board, or what information, if any, that "contact" revealed. In contrast, Defendant CFVMC's counsel provided screenshots of a search for the name "Daniel E. Lewis"[1] on the Medical Board's website showing that Defendant Lewis worked at Roper Emergency Physicians in Charleston, South Carolina—the same address at which Defendant had worked since 2009. Unlike *Neibel*, where the defendant did "not forecast that any other attempts would have been fruitful," defense counsel's affidavit, at minimum, "*forecast[s]* that [] other attempts" at service at the Charleston address "would have been fruitful." *See Neibel*, 293 N.C. App. at 7 (emphasis added). Indeed, this is compounded by the fact that Plaintiff was able to successfully serve Defendant Lewis with the New Complaint in Charleston, South Carolina, despite having all the same information available. Consequently, by failing to contact either the Hoke County facility indicated on the first return of service or the Charleston facility indicated on the Medical Board's website—despite this information being readily available, if not explicitly given to Plaintiff—Plaintiff did not "use all resources reasonably available to [him] in attempting to locate" Defendant Lewis. *See Henry*, 264 N.C. App. at 365. We therefore conclude Plaintiff failed to exercise due diligence prior to attempting service by publication. *See id.*

---

[1] Notably, Defendant CFVMC's counsel's affidavit shows that he was able to discern that Defendant Lewis's middle name began with an "E" by looking at Plaintiff's own medical records. *Cf. Neibel*, 293 N.C. App. at 7 (finding due diligence where "[the p]laintiff *utilized their own records*" (emphasis added)).

("Where the information required for proper service of process . . . with due diligence, can be ascertained, service of process by publication is not proper.").

Because "[a] defect in service of process by publication is jurisdictional, rendering any judgment or order obtained thereby void," and because Plaintiff did not renew his A&P Summonses after 17 December 2021, the summonses in the Original Complaint lapsed on 17 March 2022, causing the statute of limitations to run as of that date. *Cotton v. Jones*, 160 N.C. App. 701, 703 (2003) (quoting *Fountain*, 44 N.C. App. at 586); *see also* N.C.G.S. § 1A-1, Rule 4(e) (2023) ("When there is neither endorsement by the clerk nor issuance of [A&P] summons within [90 days after the issuance of summons or the date of the last prior endorsement,] the action is discontinued as to any defendant not theretofore served with summons within the time allowed."). Thus, the claims in Plaintiff's New Complaint are barred by the statute of limitations. As a result of the applicable time-bar, summary judgment in favor of Defendants was proper, and Defendants' motions should have been granted.

## V. <u>Conclusion</u>

After careful review, we hold the trial court erred in concluding Plaintiff exercised due diligence prior to attempting service by publication in the previous complaint and therefore erred in denying Defendants' motions for summary judgment. Accordingly, we reverse the trial court's order.

REVERSED.

Judges GORE and GRIFFIN concur.

Report per Rule 30(e).