ANANI AGBEMAVOR, PLAINTIFF v. KOSSIWA KETEKU, DEFENDANT

No. COA05-1213

(Filed 16 May 2006)

**Process and Service— service of process—divorce—motion to dismiss—findings requested**

The trial court erred in a divorce action by not making proper findings and conclusions concerning plaintiff's attempted service of process upon defendant after defendant moved to dismiss for lack of personal jurisdiction and specifically requested findings and conclusions.

Appeal by defendant from the judgment entered 22 April 2005 by Judge Alice C. Stubbs in Wake County District Court. Heard in the Court of Appeals 29 March 2006.

*Anani Agbemavor, pro se, plaintiff-appellee.*

*Donald B. Hunt, for defendant-appellant.*

JACKSON, Judge.

On 1 July 2004, Anani Agbemavor ("plaintiff") filed a complaint seeking an absolute divorce from Kossiwa Keteku ("defendant"). Service of the complaint by certified mail was attempted on defendant at the address of 2325 Strauss Street, Apartment 1F, in Brooklyn, New York. Plaintiff obtained an alias and pluries summons on 27 January 2005, and filed an amended complaint for an absolute divorce from defendant on 31 January 2005. Service of the amended complaint by certified mail was attempted on defendant at the address of 2329 Strauss Street, Apartment 1F, in Brooklyn, New York. Defendant failed to file an answer to either of plaintiff's complaints.

On 4 March 2005, plaintiff filed an affidavit of attempted service, stating that he had attempted service upon defendant by certi-

fied mail at defendant's last ` known address of 2329 Strauss Street, Apartment 1F, in Brooklyn, New York. Plaintiff's affidavit stated that service also was attempted by publication of a Notice of Service in the Canarsie Courier, in Brooklyn, New York, and that such notice was published on 3, 10, and 17 February 2005. Plaintiff filed a motion for summary judgment on his claim for an absolute divorce on 28 March 2005. A notice of the hearing on plaintiff's motion for summary judgment was filed and mailed to defendant at the address of 2325 Strauss Street, Apartment 1F, Brooklyn, New York on 28 March 2005.

Defendant made a limited appearance to contest personal jurisdiction, and on 15 April 2005 filed a motion to dismiss plaintiff's action based on a lack of personal jurisdiction over defendant, insufficiency of process, and insufficiency of service of process. Plaintiff's counsel filed an affidavit on the same day, alleging that she had spoken with a woman identifying herself as defendant, and stating that the woman had received documents about plaintiff's divorce action. The woman asked whether the divorce hearing was still set for 15 April 2005, and plaintiff's counsel informed her that the hearing was still going forward, and that at that time she would be asking the trial court to grant plaintiff a judgment of divorce. The affidavit states that defendant informed plaintiff's counsel that she was homeless and had no address. The hearing on plaintiff's motion for summary judgment and defendant's motions to dismiss was continued until 10:00 a.m. on 22 April 2005. At 9:22 a.m. on 22 April 2005, defendant filed an amended motion seeking to dismiss plaintiff's action for a lack of personal jurisdiction, and specifically requesting that

> In the event the court determines that the attempted service was valid, the Defendant, pursuant to North Carolina Civil Procedure Rule 52, requests the court to make specific findings of fact and conclusions of law with respect to the service of process and jurisdiction over the Defendant in this action.

On 22 April 2005, the trial court entered a Judgment of Absolute Divorce, and granted plaintiff's motion for summary judgment. The judgment stated that defendant had been served properly, and concluded as a matter of law that the trial court had jurisdiction over the parties. The trial court made no additional findings of fact concerning the service upon defendant. Defendant appeals from the denial of her motions to dismiss and the trial court's judgment granting plaintiff an absolute divorce.

In order for a court in this State to obtain personal jurisdiction over a defendant, there must be "the issuance of summons and service of process by one of the statutorily specified methods." *Fender v. Deaton*, 130 N.C. App. 657, 659, 503 S.E.2d 707, 708 (1998), *disc. review denied*, 350 N.C. 94, 527 S.E.2d 666 (1999). When a judgment is entered against a defendant for whom the trial court lacks personal jurisdiction, the judgment is void. *Freeman v. Freeman*, 155 N.C. App. 603, 606-07, 573 S.E.2d 708, 711 (2002); *see also Sink v. Easter*, 284 N.C. 555, 202 S.E.2d 138 (1974).

Rule 4(j) of the North Carolina Rules of Civil Procedure governs service of process, and provides in relevant part:

> *Process—Manner of service to exercise personal jurisdiction.—*
> In any action commenced in a court of this State having jurisdiction of the subject matter and grounds for personal jurisdiction as provided in G.S. 1-75.4, the manner of service of process within or without the State shall be as follows:
>
> (1) Natural Person.—Except as provided in subsection (2) below, upon a natural person by one of the following:
>
> . . . .
>
> c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee.

N.C. Gen. Stat. § 1A-1, Rule 4(j) (2005). Rule 4(j1), which governs service of a party by publication, provides in part:

> *Service by publication on party that cannot otherwise be served.*—A party that cannot with due diligence be served by personal delivery, registered or certified mail, or by a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) may be served by publication. . . . If the party's post-office address is known or can with reasonable diligence be ascertained, there shall be mailed to the party at or immediately prior to the first publication a copy of the notice of service of process by publication. The mailing may be omitted if the post-office address cannot be ascertained with reasonable diligence. Upon completion of such service there shall be filed with the court an affidavit showing the publication and mailing in accordance with

the requirements of G.S. 1-75.10(2), the circumstances warranting the use of service by publication, and information, if any, regarding the location of the party served.

N.C. Gen. Stat. § 1A-1, Rule 4(j1) (2005).

"A defect in service of process by publication is jurisdictional, rendering any judgment or order obtained thereby void. . . . Therefore, statutes authorizing service of process by publication are strictly construed, both as grants of authority and in determining whether service has been made in conformity with the statute." *Fountain v. Patrick*, 44 N.C. App. 584, 586, 261 S.E.2d 514, 516 (1980) (citations omitted). "Due diligence dictates that plaintiff use all resources reasonably available to [him] in attempting to locate defendant[]. Where the information required for proper service of process is within plaintiff's knowledge or, with due diligence, can be ascertained, service of process by publication is not proper." *Id.* at 587, 261 S.E.2d at 516. Our courts have held that "[a]lthough defective service of process may sufficiently give the defending party actual notice of the proceedings, 'such actual notice does not give the court jurisdiction over the party.' " *Fulton v. Mickle*, 134 N.C. App. 620, 624, 518 S.E.2d 518, 521 (1999) (quoting *Johnson v. City of Raleigh*, 98 N.C. App. 147, 149, 389 S.E.2d 849, 851 (1990)).

Rule 52(a)(2) specifically provides that "[f]indings of fact and conclusions of law are necessary on decisions of any motion or order *ex mero motu* only when requested by a party and as provided by Rule 41(b)." N.C. Gen. Stat. § 1A-1, Rule 52(a)(2) (2005). A "trial court's compliance with the party's Rule 52(a)(2) motion is mandatory." *Andrews v. Peters*, 75 N.C. App. 252, 258, 330 S.E.2d 638, 642 (1985), *aff'd*, 318 N.C. 133, 347 S.E.2d 409 (1986). "Once requested, the findings of fact and conclusions of law on a decision of a motion, as in a judgment after a non-jury trial, must be sufficiently detailed to allow meaningful [appellate] review." *Id.*; *see also Quick v. Quick*, 305 N.C. 446, 290 S.E.2d 653 (1982). " '[W]hen the court fails to find facts so that this Court can determine that the order is adequately supported by competent evidence . . ., then the order entered must be vacated and the case remanded.' " *Quick*, 305 N.C. at 457, 290 S.E.2d at 661 (quoting *Crosby v. Crosby*, 272 N.C. 235, 238-39, 158 S.E.2d 77, 80 (1967)).

In the instant case, the trial court made no findings of fact concerning plaintiff's attempted service of process upon defendant. The trial court did not address the attempted service by publication, and

made no findings to indicate whether the attempted service complied with our statutory requirements. The record contains two versions of plaintiff's complaint, both of which plaintiff attempted to serve upon defendant by certified mail, but were mailed to two different addresses. The record also contains an affidavit of attempted service by publication, filed 4 March 2005, whereby plaintiff contends he previously attempted to serve defendant by certified mail at an address located at 2329 Strauss Street, Apartment 1F, in Brooklyn, New York. Plaintiff's affidavit then states that plaintiff attempted service of defendant by publication. An affidavit showing the publication and dates of publication also was included with plaintiff's affidavit. However, plaintiff's affidavit fails to state that plaintiff mailed a notice of service by publication to defendant prior to the first publication, as required by Rule 4(j1). The facts indicate that plaintiff had a mailing address for defendant, based on the fact that on 28 March 2005, plaintiff mailed defendant a notice of the upcoming hearing on plaintiff's motion for summary judgment divorce. However, plaintiff mailed the notice of hearing to defendant at the address located at 2325 Strauss Street, Apartment 1F, in Brooklyn, New York, which is a different address than was used during the second attempt at service of plaintiff's complaint.

Generally " 'Rule 52(a)(2) does not apply to the decision on a summary judgment motion because, if findings of fact are necessary to resolve an issue, summary judgment is improper.' " *Broughton v. McClatchy Newspapers, Inc.*, 161 N.C. App. 20, 33, 588 S.E.2d 20, 30 (2003) (quoting *Mosley v. Finance Co.*, 36 N.C. App. 109, 111, 243 S.E.2d 145, 147 (1978)). However, defendant in the instant case made a motion to dismiss plaintiff's action based on a lack of personal jurisdiction pursuant to Rules 12(b)(2), (b)(3), and (b)(5) of our Rules of Civil Procedure. Defendant also specifically requested that the trial court make findings of fact and conclusions of law regarding defendant's motion with respect to the service of process and jurisdiction over defendant. When defendant filed her motion pursuant to Rule 52(a)(2), the trial court was required to make the requested findings of fact and conclusions of law. The trial court in the instant case made the conclusory finding that defendant had been properly served and concluded as a matter of law that it had jurisdiction over defendant, without making the findings of fact necessary to support these conclusions. The trial court failed to make any findings regarding plaintiff's use of service by publication, and his "due diligence" in attempting to serve defendant by other means before resorting to service by publication. The trial court also failed to make any findings

that plaintiff was not required to mail notice of the service by publication to defendant prior to the first publication.

When the trial court failed to make the required findings of fact and conclusions of law regarding the service of process and jurisdiction over defendant, the trial court's judgment must be vacated. Based on the inconsistent facts before us, and the lack of findings of fact concerning the trial court's jurisdiction over defendant, we hold the trial court failed to comply with defendant's Rule 52(a)(2) motion, and the judgment granting a summary judgment divorce must be vacated and remanded so that the trial court may make the required findings of fact and conclusions of law regarding the trial court's jurisdiction over defendant.

Vacated and remanded.

Judges TYSON and GEER concur.