JOHN HODGES, Plaintiff v. DAVID MOORE, Defendant

No. COA10-69

(Filed 20 July 2010)

**Civil Procedure— summary judgment—Rule 56—no findings of fact required—Rule 52 inapplicable**

The trial court did not err by refusing to enter findings of fact pursuant to Rule 52 of the Rules of Civil Procedure in an order granting defendant's motion for summary judgment as the provisions of Rule 52 do not apply to orders granting summary judgment pursuant to Rule 56.

Appeal by plaintiff from order entered 15 October 2009 by Judge Judson D. DeRamus, Jr. in Forsyth County Superior Court. Heard in the Court of Appeals 9 June 2010.

*Steven A. McCloskey, Attorney at Law, by Steven A. McCloskey, for plaintiff-appellant.*

*Ellis B. Drew, III and R. Michael Wells, Jr., for defendant-appellant.*

STEELMAN, Judge.

The trial court did not err by refusing to enter findings of fact pursuant to Rule 52 of the Rules of Civil Procedure in an order granting defendant's motion for summary judgment.

**HODGES v. MOORE**

[205 N.C. App. 722 (2010)]

## I. Factual and Procedural Background

On 18 March 2009, John Hodges (plaintiff) filed this action against David Moore (defendant). The complaint alleged that plaintiff contracted with Street Styles, Inc. to customize his Nissan Sentra motor vehicle. Plaintiff paid Street Styles, Inc. monies for the work, which was not performed. Defendant's son was convicted in criminal court for failing to complete the work after being paid, and was ordered to pay restitution. Defendant's son paid only $400.00 of the restitution.

This action seeks recovery of monetary damages from defendant, who was a shareholder in the corporation. Plaintiff's complaint seeks to "pierce the corporate veil" in order to recover from defendant individually. On 15 October 2009, Judge DeRamus granted defendant's motion for summary judgment and dismissed plaintiff's action. Plaintiff appeals.

## II. Refusal of Trial Court to Enter Findings of Fact

In his only argument on appeal, plaintiff contends that the trial court erred in failing to make findings of fact and conclusions of law after a request by plaintiff's counsel that they be included in the order. We disagree.

Judge DeRamus's order stated that the trial court "finds and concludes that there is no genuine issue of material fact and Defendant is entitled to judgment as a matter of law." We hold this order to be sufficient and that the provisions of Rule 52 of the Rules of Civil Procedure do not apply to orders granting summary judgment pursuant to Rule 56.

"Rule 52(a)(2) does not apply to the decision on a summary judgment motion because, if findings of fact are necessary to resolve an issue, summary judgment is improper." *Broughton v. McClatchy Newspapers, Inc.*, 161 N.C. App. 20, 33-34, 588 S.E.2d 20, 30 (2003) (quoting *Mosley v. National Finance Co.*, 36 N.C. App. 109, 111, 243 S.E.2d 145, 147 (1978), *overruled on other grounds by Crow v. Citicorp Acceptance Co.*, 319 N.C. 274, 279-80, 354 S.E.2d 459, 464 (1987)). "There is no necessity for findings of fact where facts are not at issue, and summary judgment presupposes that there are no triable issues of material fact." *Insurance Agency v. Leasing Corp.*, 26 N.C. App. 138, 142, 215 S.E.2d 162, 165 (1975).

The case cited by plaintiff, *Agbemavor v. Keteku,* 177 N.C. App. 546, 629 S.E.2d 337 (2006), specifically acknowledged the above-cited holding in *Broughton,* and held that it was not applicable because the trial court's rulings appealed from were made pursuant to Rules 12(b)(2), (b)(3), and (b)(5), and not pursuant to Rule 56. *Id.* at 550, 629 S.E.2d at 241.

Plaintiff does not argue the merits of the trial court's ruling.

AFFIRMED.

Judges STEPHENS and HUNTER, JR. concur.