IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA22-473

Filed 04 April 2023

Catawba County, No. 20-CVD-408

TONYA IRENE SARTOR WATSON, Plaintiff,

v.

THOMAS STEUART WATSON, Defendant.

Appeal by plaintiff from judgment entered 15 July 2021 by Judge Robert A. Mullinax, Jr., in Catawba County District Court. Heard in the Court of Appeals 24 January 2023.

*Robinson and Lawing, LLP, by L. Bruce Scott and Melissa G. Jackson, for Plaintiff-Appellant*

*Adkins Law, PLLC, by C. Christopher Akins and Jacqueline M. Keenan, for Defendant-Appellee*

DILLON, Judge.

Plaintiff Tonya Irene Sartor Watson ("Wife") commenced this domestic action against her husband Defendant Thomas Steuart Watson ("Husband"). Wife is appealing from an order granting Husband partial summary judgment on her claim for alimony based on Wife's admission to committing adultery and from an order denying her subsequent motion seeking an amendment to, or relief from, the partial summary judgment order. As explained below, we conclude Wife failed to notice her appeal in time, but in our discretion, we issue a writ of *certiorari* to address her

appeal. On the merits, we conclude that the trial court was premature on granting summary judgment, as Husband had not responded to certain discovery requests from Wife where his responses could provide evidence sufficient to establish that he, too, engaged in sexual acts with another woman during the marriage. Accordingly, we vacate the trial court's grant of partial summary judgment and remand the matter for further proceedings. On remand, the trial court may reconsider Husband's motion for summary judgment after the discovery issue is resolved.

## I. Background

Husband and Wife were married in 2004 and had one child during the marriage. In 2020, Wife commenced this action against Husband, requesting alimony and other relief.

In July 2021, after a hearing on the matter, the trial court granted Husband partial summary judgment on Wife's claim for alimony. Later that month, Wife moved for the judgment to be amended or, in the alternative, for relief from the judgment. On 2 December 2021, the trial court denied Wife's motion.

On 7 December 2021, Wife filed her written notice of appeal from both the July 2021 partial summary judgment order and the December 2021 order denying her subsequent motion.

## II. Analysis

### A. Appellate Jurisdiction

The record on appeal suggests that the orders being appealed from are

interlocutory because there is nothing in the record showing that certain claims alleged by Wife have been resolved. For instance, the record does not show that Wife's claim for equitable distribution has been resolved.

Generally, "there is no right of immediate appeal from interlocutory orders." *Wing v. Goldman Sachs*, 382 N.C. 288, 293, 876 S.E.2d 390, 395 (2022). Our appellate rules require that an appellant's brief contain "[a] statement of the grounds for appellate review." N.C. R. App. P. 28(b)(4) (2021). An appellant's failure to state a proper ground for our Court's jurisdiction subjects the appeal to dismissal. *See Larsen v. Black Diamond*, 241 N.C. App. 74, 78, 772 S.E.2d 93, 96 (2015) (appeal subject to dismissal because appellants "failed to state *any* grounds for appellate review in their principal brief.")

In her brief, Wife cites, as grounds for our appellate jurisdiction, that the July 2021 summary judgment order dismissing her alimony claim "is a final judgment, and appeal therefore lies as a matter of right directly to the Court of Appeals pursuant to N.C. Gen. Stat. §§ 7A-27(b) and 50-19.1." Husband makes no argument challenging our jurisdiction over Wife's appeal.

The record does not show that the trial court's July 2021 summary judgment on Wife's alimony claim was a final judgment. However, Wife is correct that N.C. Gen. Stat. § 50-19.1 provides that a litigant in a domestic case may appeal immediately from "an order or judgment adjudicating a claim for" one of a number of domestic claims, including a claim for alimony "[n]otwithstanding any other pending

claims filed in the same action." N.C. Gen. Stat. § 50-19.1 (2021). That is, our General Assembly provides a litigant the option to appeal an interlocutory judgment resolving a domestic claim *either* before all domestic claims have been resolved *or* when all claims have been resolved. *Id.*

However, when a litigant elects to appeal an interlocutory judgment resolving a domestic claim while other claims are pending, the litigant still must comply with Rule 3 of our Rules of Appellate Procedure, requiring that the notice of appeal be filed within thirty days after entry of the judgment[.]" N.C. R. App. P. 3(c)(1) (2021).

In this matter, the trial court entered summary judgment on Wife's alimony claim in July 2021, but Wife did not notice her appeal from that order until December, well outside the 30-day limit allowed by our Rule. We conclude Wife's subsequent motion for amendment of/relief from the summary judgment pursuant to Rules 52, 59, and 60 did not toll the running of her time to notice her appeal. Specifically, Rule 52 deals with amendments to "findings", and summary judgment orders do not contain findings. *Hodges v. Moore*, 205 N.C. App. 722, 723, 697 S.E.2d 406, 407 (2010) (holding that "the provisions of Rule 52 . . . do not apply to orders granting summary judgment.") Rule 59 deals with "trials", not summary judgment orders. *See TD Bank v. Eagle Crest*, 249 N.C. App. 235, 791 S.E.2d 651 (2016) (holding that "Rule 59 [is] not a valid route to challenge the order for summary judgment"). And Rule 60 motions do not toll the running of the time to notice an appeal. *Lovallo v. Sabato*, 216 N.C. App. 281, 283, 715 S.E.2d 909, 911 (2011) (reiterating that "[m]otions

entered pursuant to Rule 60 do not toll the time for filing a notice of appeal.")

However, our General Assembly, though, has empowered our court to issue writs of *certiorari* "in aid of [our] own jurisdiction[] or to supervise and control the proceedings of any of the trial courts of the General Court of Justice[.]"  N.C. Gen. Stat. § 7A-32(c) (2021).  And our appellate courts may grant certiorari *ex mero motu.* *Brown v. Renaissance*, 350 N.C. 587, 516 S.E.2d 382 (1999) (issuing the writ *ex mero motu* to review a decision from our court); *State v. Mangum*, 270 N.C. App. 327, 336, 840 S.E.2d 862, 869 (2020) (recognizing our court's "discretion to issue a writ of certiorari *ex mero motu*").

We exercise our discretion to issue a writ of *certiorari* to review Wife's appeal. We conclude that this matter represents a rare situation where issuing the writ is warranted based on a number of factors.  Wife's argument has merit, as discussed in the section below.  Husband does not appear to have suffered any prejudice by Wife's failure to timely appeal.  In fact, if we were not to issue the writ, Wife could still appeal this interlocutory order when all her claims are resolved.  *See* N.C. Gen. Stat. §50-19.1 ("A party does not forfeit his right to appeal under this section if the party fails to immediately appeal from [an interlocutory judgment on an alimony claim].") In the interest of judicial economy, it would be better to resolve Wife's challenge to the trial court's grant of summary judgment on her alimony claim at this time.

### B.     Merits of Wife's Challenge

Husband moved for summary judgment on Wife's alimony claim on the basis

that Wife had engaged in illicit sexual behavior during the marriage, prior to the date of separation. Indeed, a dependent spouse is generally barred from receiving alimony if she is found to have committed "an act of illicit sexual behavior" during the marriage and prior to separation. N.C. Gen. Stat. § 50-16.3A(a) (2021).

At the hearing on his motion, Husband produced sworn statements from alleged paramours of his Wife that each had engaged in adultery with Wife during their marriage with Husband. Typically, such proof alone may not be sufficient to warrant summary judgment to defeat a claim for alimony, as it is the supporting spouse who bears the burden of proof to show that their spouse had engaged in such behavior. *See, e.g., Kidd v. Early*, 289 N.C. 343, 370, 222 S.E.2d 392, 410 (1976) (explaining the narrow circumstances where the party with the burden of persuasion may be entitled to summary judgment on the strength of the affidavits of his witnesses). Here, though, Wife has conceded to engaging in at least one affair.

Accordingly, summary judgment for Husband would be appropriate *unless* Wife met her burden of showing *either* Husband consented to the affair *or* Husband also engaged in at least one act of illicit sexual behavior. *See* N.C. Gen. Stat. § 50-16.3A(a).

Evidence showing illicit sexual behavior need not be direct evidence but rather may be also based on "circumstantial evidence" of an "adulterous disposition, or inclination" of Husband and an alleged paramour and "the opportunity created to satisfy their mutual [] inclinations." *In re Estate of Trogdon*, 330 N.C. 143, 148, 409

S.E.2d 897, 900 (1991).

In her complaint, Wife does allege that Husband engaged in adultery and other illicit sexual behavior during the marriage. We note that her complaint is verified, but that she makes her allegation regarding Husband's adultery and illicit sexual behavior "upon information and belief[,]" so that the verified allegation is not sufficient evidence for a summary judgment hearing.

In any event, Wife argues the trial court should not have ruled on Husband's motion while Husband had not yet turned over discovery which the trial court had ordered him to produce and which could show Husband had inclination and opportunity to commit illicit sexual acts during the marriage.

Our Supreme Court has instructed that "[o]rdinarily it is error for a court to hear and rule on a motion for summary judgment when discovery procedures, which might lead to the production of evidence relevant to the motion, are still pending and the party seeking discovery has not been dilatory in doing so." *Conover v. Newton*, 297 N.C. 506, 512, 256 S.E.2d 216, 220 (1979); *see also Howse v. Bank of America*, 255 N.C. App. 22, 30, 804 S.E.2d 552, 558 (2017). This rule is not absolute, and our review of a trial court's decision to grant summary judgment with discovery pending is within the discretion of the trial court. *Id.*

Based on the record before us, we conclude it was an abuse of discretion to rule on Husband's summary judgment motion. Specifically, we note that Wife has knowledge of several suspicious texts between Husband and a co-worker and that she

had sought from Husband, among other documents, his Facebook messages and travel records during the time she suspects Husband to have engaged in an illicit affair. The record shows that Wife filed a motion to compel discovery of these documents when Husband failed to timely respond; that the trial court granted Wife's motion to compel as to these and other documents; and that Husband still had not complied at the time of the hearing on Husband's summary judgment motion. We cannot say whether Husband's responses will result in the discovery of evidence to support Wife's contention that Husband engaged in illicit sexual acts. But his responses "might lead to production of [such] evidence[.]" *Conover*, 297 N.C. at 512, 256 S.E.2d at 220.

## III.    Conclusion

We grant *certiorari* to consider Wife's appeal. Considering the merits, we agree with Wife that the trial court abused its discretion in granting Husband summary judgment on Wife's alimony claim where the record shows that Husband had yet to comply with discovery requests ordered by the trial court. We, therefore, vacate that order and remand for further proceedings. On remand, the trial court may consider Husband's motion after resolution of the discovery issue.

VACATED AND REMANDED.

Judges GORE and RIGGS concur.