NATHAN Q. WILLIAMSON AND JEAN M. WILLIAMSON, PETITIONERS/ APPELLANTS v. ROBERT L. SAVAGE, JR., TRUSTEE, SOUTHERN NATIONAL BANK OF NORTH CAROLINA, WALLACE W. HOLT AND MYRTLE E. HOLT, RESPONDENTS

No. 9010SC1285

(Filed 1 October 1991)

1. **Mortgages and Deeds of Trust § 26.1 (NCI3d)— foreclosure— notice of hearing—service by publication**

     The trustee in a foreclosure exercised due diligence in attempting to locate and personally serve Jean Williamson where the deed of trust granted the trustee a power of sale; Nathan and Jean Williamson were each entitled to a notice of hearing; the trustee attempted unsuccessfully to serve Jean Williamson by delivery via a Wake County Deputy Sheriff; the trustee posted the notice of hearing on the property, posted it at the door of the courthouse, and published it in the newspaper; and, knowing that Jean Williamson was somewhere in Florida and that the Bank did not have her Florida address, attempted to contact Nathan Williamson to locate that address. The trustee's several attempts to contact Nathan Williamson, combined with the trustee's knowledge that the Bank had also attempted unsuccessfully to contact Nathan Williamson on many occasions about the indebtedness, demonstrate the trustee's due diligence. N.C.G.S. § 45-21.16.

     **Am Jur 2d, Mortgages § 562.**

2. **Mortgages and Deeds of Trust § 26 (NCI3d)— foreclosure— notice of sale—no obligation to mail to last known address**

     The trustee in a foreclosure had no obligation to mail the notice of sale to Jean Williamson by first-class mail where the property in North Carolina was Jean Williamson's last

known address and neither the trustee nor the bank knew her Florida address. N.C.G.S. § 45-21.17(4).

**Am Jur 2d, Mortgages § 562.**

APPEAL by petitioners from order entered 17 September 1990 by *Judge George R. Greene* in WAKE County Superior Court. Heard in the Court of Appeals 23 September 1991.

*Rosenthal & Putterman, by Charles M. Putterman, for petitioner-appellants.*

*Holleman and Stam, by Henry C. Fordham, Jr., for respondent-appellees.*

GREENE, Judge.

Petitioners appeal the trial court's order entered 17 September 1990 denying their motion to vacate a foreclosure sale.

Nathan and Jean Williamson (Petitioners) executed a second deed of trust (deed of trust) to secure future advances to Petitioners by Southern National Bank (Bank). Nathan Williamson signed the deed of trust in North Carolina on 10 December 1987, and Jean Williamson signed it in Florida on 26 January 1988. Petitioners' property subject to the deed of trust is located at 909 Bryn Mawr Court, Apex, North Carolina. The trustee under the deed of trust is Robert L. Savage, Jr. (Trustee). Nathan Williamson executed two "commercial loan notes," the first on 8 February 1988 in the amount of $20,000.00 and the second on 1 September 1989 in the amount of $4,200.00. Both notes are payable to Bank, and both are secured by the deed of trust. Petitioners admit that they have defaulted under the terms of the deed of trust.

After Petitioners' default, Bank instructed Trustee to begin foreclosure proceedings on the deed of trust. Trustee began the proceedings by executing a notice of hearing pursuant to N.C.G.S. § 45-21.16 (1984). On 25 April 1990, Trustee, via a Wake County Deputy Sheriff, personally served Nathan Williamson at 909 Bryn Mawr Court, Apex. Trustee attempted to serve Jean Williamson in the same manner, however, the deputy sheriff was unable to locate her at the Bryn Mawr property. On the return of service, the deputy sheriff indicated that Jean Williamson had moved to Florida. Nonetheless, Bank and Trustee served Jean Williamson with the notice of hearing by posting it at the door of the Wake

County Courthouse on 17 April 1990, by posting it on the door of the property on 19 April 1990, and by publishing it in the *News and Observer*.

On 30 May 1990, the Clerk of Superior Court for Wake County conducted the hearing and entered an order authorizing Trustee to proceed with the foreclosure under the deed of trust. Nathan Williamson attended this hearing, but Jean Williamson did not. On 11 June 1990, Trustee mailed by first-class mail the notice of sale to Nathan and Jean Williamson at their Bryn Mawr property address and posted the notice of sale at the door of the Wake County Courthouse. Trustee also published the notice of sale in the *Western Wake Herald* on 27 June 1990 and 4 July 1990. On 6 July 1990, Trustee conducted a public sale of the Bryn Mawr property and sold the property to Wallace and Myrtle Holt.

On 23 August 1990, Petitioners filed a motion to vacate the foreclosure sale on the grounds of inadequate notice of the foreclosure hearing and of the foreclosure sale. The motion came on for hearing on 13 September 1990. The evidence produced at the hearing before the trial court tends to show the following: That Trustee and Bank have never known Jean Williamson's Florida address; that Jean Williamson's last known address was the Bryn Mawr property; that Nathan Williamson had Jean Williamson's Florida address; that Bank gave the deed of trust to Nathan Williamson to have it signed by Jean Williamson in Florida; that Trustee knew that Bank had attempted on many occasions to contact Nathan Williamson unsuccessfully about the indebtedness; and that before the 30 May 1990 hearing, Trustee had attempted unsuccessfully on several occasions to contact by telephone Nathan Williamson for Jean Williamson's Florida address, although Trustee had never left a message at Nathan Williamson's place of business concerning Jean Williamson's Florida address. From this evidence, the trial court found that "Trustee exercised due diligence to locate and personally serve Jean M. Williamson with a Notice of Hearing but was not able to serve her," and concluded that Trustee complied with N.C.G.S. § 45-21.16 and with N.C.G.S. § 45-21.17 (Supp. 1990) with regard to Petitioners.

---

The issues are (I) whether the trustee in a deed of trust exercised "due diligence" in attempting to obtain the address of the grantor in a deed of trust for purposes of complying with N.C.G.S.

WILLIAMSON v. SAVAGE

[104 N.C. App. 188 (1991)]

§ 45-21.16; and (II) whether the trustee complied with N.C.G.S. § 45-21.17 where he sent the notice of sale to the last known address of the grantor in a deed of trust.

I

Notice of Hearing

[1] North Carolina Gen. Stat. § 45-21.16(a) (1984) requires that "[t]he mortgagee or trustee granted a power of sale under a mortgage or deed of trust who seeks to exercise such power of sale shall serve upon each party entitled to notice under this section a notice of hearing." In this case, the deed of trust granted Trustee a power of sale, and Nathan and Jean Williamson were each entitled to a notice of hearing. See N.C.G.S. § 45-21.16(b) (1984). The statute provides that "[t]he notice shall be served in any manner provided by the Rules of Civil Procedure for the service of summons, or may be served by actual delivery by registered or certified mail, return receipt requested . . . ." N.C.G.S. § 45-21.16(a). Trustee attempted unsuccessfully to serve Jean Williamson by delivery via a Wake County Deputy Sheriff and did not attempt to serve Jean Williamson "by actual delivery by registered or certified mail" pursuant to N.C.G.S. § 45-21.16(a).

The statute further provides "that in those instances in which service by publication would be authorized [under the Rules of Civil Procedure], service may be made by posting a notice in a conspicuous place and manner upon the property . . . ." Id. Rule 4(j1) of the North Carolina Rules of Civil Procedure provides that "[a] party that cannot with due diligence be served by personal delivery or registered or certified mail may be served by publication." Therefore, if a party cannot with due diligence be served by personal delivery or registered or certified mail, service of the notice of hearing may be made by posting the notice on the property. See Federal Land Bank of Columbia v. Lackey, 94 N.C. App. 553, 556-57, 380 S.E.2d 538, 540 (1989), aff'd per curiam, 326 N.C. 478, 390 S.E.2d 138 (1990) (constructive notice sufficient to satisfy minimum due process requirements only if "party's name and address are not reasonably ascertainable"). Having tried and been unable to serve Jean Williamson by personal delivery, Trustee posted the notice of hearing on the Bryn Mawr property, posted it at the door of the Wake County Courthouse, and published it in the News and Observer. Accordingly, if Trustee used due diligence in his unsuccessful attempt to locate and serve Jean Williamson,

then his subsequent actions complied with the notice requirement of N.C.G.S. § 45-21.16(a).

"Due diligence dictates that plaintiff use all resources reasonably available to her in attempting to locate defendants. Where the information required for proper service of process is within plaintiff's knowledge or, with due diligence, can be ascertained, service of process by publication is not proper." *Fountain v. Patrick*, 44 N.C. App. 584, 587, 261 S.E.2d 514, 516 (1980) (no due diligence where plaintiff had access to reports containing defendants' addresses and where plaintiff could have contacted defendants' insurance carrier for help in locating defendants). In deciding whether due diligence has been used in attempting to locate a party entitled to notice of hearing, our appellate courts are not bound by a "restrictive mandatory checklist," rather, we decide whether due diligence has been used on a case-by-case approach. *Emanuel v. Fellows*, 47 N.C. App. 340, 347, 267 S.E.2d 368, 372, *disc. rev. denied*, 301 N.C. 87 (1980) (due diligence where "plaintiff's counsel contacted directory assistance and defendant's insurer for his address to no avail"); *see also In re Clark*, 76 N.C. App. 83, 87-88, 332 S.E.2d 196, 199-200, *disc. rev. denied*, 314 N.C. 665, 335 S.E.2d 322 (1985) (no due diligence where petitioner in a termination of parental rights case knew respondent's name and his county of residence, but had not checked the public records to determine his location; rather, petitioner relied solely on information supplied by the mother of respondent's child).

In this case, after the deputy sheriff was unable to locate Jean Williamson to serve her, Trustee, knowing that Jean Williamson was somewhere in Florida and that Bank did not have her Florida address, attempted to contact Nathan Williamson to locate Jean Williamson's Florida address. Trustee testified at the hearing on the motion to vacate the foreclosure sale, "I did not call him every hour on the hour or every day. I made several attempts to contact him, but those were unsuccessful." Bank and Trustee argue that Trustee's several attempts to contact Nathan Williamson, who had Jean Williamson's address, combined with Trustee's knowledge that Bank had also attempted unsuccessfully to contact Nathan Williamson on many occasions about the indebtedness demonstrate Trustee's due diligence. We agree. This evidence shows that Jean Williamson's Florida address was not reasonably ascertainable, and Trustee used due diligence in attempting to locate it. Accordingly, the evidence in this record supports the determination that Trustee

exercised due diligence in attempting to locate and personally serve Jean Williamson.

## II

## Notice of Sale

[2] North Carolina Gen. Stat. § 45-21.17(1)(a) (Supp. 1990) provides that "[i]n addition to complying with such provisions with respect to posting or publishing notice of sale as are contained in the security instrument," the notice of sale shall "[b]e posted, at the courthouse door in the county in which the property is situated, for at least 15 days immediately preceding the sale." The statute also requires that the notice of sale shall be published "once a week for at least two successive weeks" in a newspaper "qualified for legal advertising" if such a newspaper is published in the county, and if not, then "in a newspaper having a general circulation in the county." N.C.G.S. § 45-21.17(1)(b) (Supp. 1990). Petitioners do not argue that Trustee did not comply with these requirements.

Furthermore, the statute requires that "[t]he notice of sale shall be mailed by first-class mail at least 20 days prior to the date of sale to each party entitled to notice of the hearing provided by G.S. 45-21.16 *whose address is known to the trustee or mortgagee . . . .*" N.C.G.S. § 45-21.17(4) (Supp. 1990) (emphases added). Petitioners argue that the evidence before the trial court shows that the Bryn Mawr address was not the last known address for Jean Williamson and that Trustee and Bank knew her Florida address, and that therefore Trustee should have mailed the notice of sale to her by first-class mail. We disagree. "It is well settled that when the trial judge sits as factfinder, his findings of fact are binding [on appeal] if they are supported by any competent evidence in the record . . . ." *R. L. Coleman & Co. v. City of Asheville*, 98 N.C. App. 648, 651, 392 S.E.2d 107, 108-09, *disc. rev. denied*, 327 N.C. 432, 395 S.E.2d 689 (1990). In this case, the trial judge sat as factfinder. Because there is competent evidence in the record to support the findings that the Bryn Mawr property was Jean Williamson's last known address and that neither Trustee nor Bank knew her Florida address, the trial court's findings of fact are binding on this appeal. On these facts, Trustee, not knowing Jean Williamson's Florida address, had no obligation to mail the notice of sale to her by first-class mail. Trustee's actions complied with N.C.G.S. § 45-21.17, and accordingly the trial court's order is

Affirmed.

Chief Judge HEDRICK and Judge EAGLES concur.