BRYANT, Judge.
 

 *849
 
 Where the unique facts of this case show that plaintiff was aware based on extensive prior experience with defendant that it could not effect service of process on defendant by personal delivery or by registered or certified mail, plaintiff's actions satisfied the "due diligence" requirement necessary to justify the use of service of process by publication, and the trial court did not err or abuse its discretion in denying defendant's motion to set aside entry of default, default judgment, foreclosure sale, and commissioner's deed. We affirm.
 

 In November 2001, defendant Theresa Beal acquired title to real property as shown in Book 677, Page 205 of the Watauga County Register of Deeds. Thereafter, defendant became delinquent on her tax obligation and plaintiff Watauga County initiated collections for taxes
 
 *850
 
 owed. Defendant's address on record was listed as Post Office Box 1202, Conover, NC 28613.
 

 On or about 6 May 2013, the Watauga County Tax Collections Supervisor (the "Supervisor") attempted to find a valid address for defendant. Plaintiff attempted to contact various individuals, including defendant's mother by phone. On 9 May 2013, defendant contacted the Supervisor, wherein defendant agreed to enter into a payment agreement with plaintiff. During that conversation, defendant provided a facsimile number, but she did not provide any other contact information.
 

 Thereafter, the Supervisor sent a three-page fax to defendant at the fax number provided by defendant. The fax included a coversheet, an "Agreement of Payment Schedule," and a "Watauga County Tax Certification." On 17 May 2013, defendant sent a return fax, which included a cover sheet and a copy of the Agreement of Payment Schedule with defendant's signature. No contact information for defendant was added to either page of her return fax.
 

 In 2013, defendant made two payments on her payment plan. The first was made shortly after execution of the payment agreement, and the second was made on 26 June 2013. On 12 May 2014, plaintiff sent defendant a fax including a cover page and a 2013 tax bill. The cover page included a note asking defendant to please call regarding her 2013 tax bill and payment plan and notifying her that failure to do so could result in foreclosure. On 22 May 2014, plaintiff received a third payment from defendant. After the third payment, plaintiff received no further payments or communications from defendant.
 

 As a result, plaintiff sent collection notices to defendant's address of record-Post Office Box 1202, Conover, NC 28613. Thereafter, on 4 September 2015, plaintiff filed a verified complaint in Watauga County District Court to collect the past due taxes from defendant and request a commissioner be appointed to sell the property in order to satisfy plaintiff's tax lien. Defendant's address was listed on the complaint as follows: "Teresa Beal Post Office Box 1202 Conover, NC 28613." The same day the complaint was filed-4 September 2015-plaintiff filed a Notice of Service by Publication, indicating that plaintiff would publish notice in the Watauga Democrat, a newspaper in circulation in the county where the property is located, on 14, 21, and 28 September 2015. Less than a week later, plaintiff filed another Notice of Service by Publication on 10 September 2015, indicating that it intended to publish notice on three additional dates-13, 20, and 27 September 2015.
 

 *851
 
 Thereafter, plaintiff attempted service on 19 October 2015 by certified mail to the same address listed for defendant on the complaint-P.O. Box 1202, Conover, NC, 28613. On 21 October 2015, this was returned as "undeliverable as addressed; unable to forward." On 16 December 2015, plaintiff filed an affidavit of attempted service, based on plaintiff's attempt to serve defendant on 20 October 2015 by certified mail at the Conover post office box address. The affidavit was filed along with a motion for entry of default which was granted by the Watauga County Clerk of Superior Court on the same day.
 

 On 4 January 2016, default judgment was entered. On 9 February 2016, a sale of the property was held, which sale was confirmed
 
 *340
 
 on 2 May 2016. On 6 May 2016, a Commissioner's Deed was recorded.
 

 On 20 May 2016, plaintiff's attorney, Stacy C. Eggers, IV,
 

 received a call from a lady who identified herself as Teresa Roten and stated she was calling about a foreclosure sale [Eggers] had conducted against her. She stated she did not have notice of the sale. [Eggers] told her [he] did not have a foreclosure action against anyone with the last name of Roten pending at that time. She then stated to [Eggers] that the address of the property as 186 Chestnut Knob. [Eggers] asked if this was her residence, and she stated it was a rental property. [Eggers] stated that address did not ring a bell with [him], and she then stated that [Eggers] had the action under the name of Beal, and that she was Teresa Beal Roten. Ms. Roten asked why she had not been served with the Foreclosure Complaint. [Eggers] told her the address that [he] had for her was a post office box in Conover, and she advised that was not her mailing address and that she had moved to another county. [Eggers] asked her if she had changed her mailing address with the County Tax Listing Office, and she stated she had not but that it was common knowledge where she could be found. [Eggers] advised Ms. Roten that [he] was unable to locate anything in the record that indicated a name change to Roten and had been unable to locate her.
 

 On 3 June 2016, defendant filed a motion to set aside and a motion for sanctions, alleging improper service of process. Following a hearing, defendant's motion to set aside was denied by order entered 26 July 2016. Defendant appeals.
 

 *852
 
 _________________________
 

 On appeal, defendant contends the trial court erred in denying defendant's motion to set aside entry of default, default judgment, foreclosure sale, and commissioner's deed, where service by publication was effectuated before a diligent effort was made to locate and serve defendant personally. We disagree.
 

 A trial court's denial of a motion to set aside and a motion for sanctions is reviewed for abuse of discretion.
 
 Jones v. Wallis
 
 ,
 
 211 N.C. App. 353
 
 , 356,
 
 712 S.E.2d 180
 
 , 183 (2011) (citation omitted). "Abuse of discretion results where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision."
 
 State v. Hennis
 
 ,
 
 323 N.C. 279
 
 , 285,
 
 372 S.E.2d 523
 
 , 527 (1988) (citation omitted).
 

 In its order denying defendant's motion to set aside, the trial court entered eighteen findings of fact in support of its decision. Where "findings have not been assigned as error," they are "deemed binding on appeal."
 
 Lowery v. Campbell
 
 ,
 
 185 N.C. App. 659
 
 , 664,
 
 649 S.E.2d 453
 
 , 456 (2007) (citing
 
 In re S.N.H. & L.J.H.
 
 ,
 
 177 N.C. App. 82
 
 , 83,
 
 627 S.E.2d 510
 
 , 512 (2006) ) (concluding that the trial court's denial of the defendant's motion to set aside the entry of default was not manifestly unsupported by reason based on the unchallenged findings as set out in its order). As stated
 
 infra
 
 , defendant's challenge to the trial court's findings of fact is vague at best; however, we (generously) consider defendant's argument regarding due diligence as challenging the trial court's relevant findings of fact.
 

 Rule 4(j1) and Rule 4(k) of the North Carolina Rules of Civil Procedure and
 
 N.C. Gen. Stat. § 1-75.8
 
 collectively provide, in relevant part, that if, after due diligence, a plaintiff in a foreclosure action cannot serve the defendant by personal delivery, registered or certified mail, or designated delivery service, the defendant may be served by publication in the county where the action is pending. N.C. Gen. Stat. § 1A-1, Rule 4(j1), (k) (2015) ; N.C.G.S. § 1-75.8 (2015).
 

 "Due diligence dictates that plaintiff use all resources reasonably available to her in attempting to locate defendants. Where the information required for proper service of process is within plaintiff's knowledge or, with due diligence, can be ascertained, service of process by publication is not proper."
 
 Jones
 
 ,
 
 211 N.C. App. at 357
 
 ,
 
 712 S.E.2d at 183
 
 (quoting
 
 Fountain v. Patrick
 
 ,
 
 44 N.C. App. 584
 
 , 587,
 
 261 S.E.2d 514
 
 , 516 (1980) ). "This Court has held that there is no 'restrictive
 
 *341
 
 mandatory checklist for what constitutes due diligence' for purposes of service of
 
 *853
 
 process by publication; '[r]ather, a case by case analysis is more appropriate.' "
 
 Id.
 
 at 358,
 
 712 S.E.2d at 184
 
 (alteration in original) (quoting
 
 Emanuel v. Fellows
 
 ,
 
 47 N.C. App. 340
 
 , 347,
 
 267 S.E.2d 368
 
 , 372 (1980) ). "However, the 'due diligence' test of Rule 4(j1) requires a party to use all reasonably available resources to accomplish service."
 
 Barclays Am./Mortg. Corp. v. BECA Enters.
 
 ,
 
 116 N.C. App. 100
 
 , 103,
 
 446 S.E.2d 883
 
 , 886 (1994) (citing
 
 Williamson v. Savage
 
 ,
 
 104 N.C. App. 188
 
 , 192,
 
 408 S.E.2d 754
 
 , 756 (1991) ).
 

 In
 
 Barclays
 
 , upon which defendant relies, the plaintiff's "sole attempt at personal service ... consisted of a certified letter mailed to the business address of [the defendant, a partnership], a postal box number,"
 
 id.
 
 at 103,
 
 446 S.E.2d at 886
 
 , before resorting to "notice by posting,"
 
 id.
 
 at 104,
 
 446 S.E.2d at 887
 
 . Because the evidence revealed that "the public record and other sources ... were easily accessible to [the] plaintiff, but not utilized[,]"
 
 id.
 
 at 104,
 
 446 S.E.2d at 886
 
 , this Court concluded that "this solitary venture"-the plaintiff's sole attempt at service by certified letter to a post office box-"constituted neither application of 'due diligence' as required by Rule 4(j1) nor a 'reasonable and diligent effort' ...."
 
 Id.
 
 at 103,
 
 446 S.E.2d at 886
 
 .
 

 In the instant case, defendant challenges the trial court's denial of her motion to set aside because, she argues, plaintiff failed to exercise its due diligence in trying to contact her before resorting to notice by publication. From what we can discern from defendant's vague argument in brief on appeal, defendant appears to challenge the trial court's findings that plaintiff made diligent and reasonable efforts to locate her before having default entered against her. Those findings of fact which relate to this issue are as follows:
 

 4. Prior to the filing of the Complaint, on or about May 6, 2013, Tax Collection Supervisor ... ran a Lexis-Nexis Accurint search in an attempt to locate ... [d]efendant. The address listed in this search did not produce a confirmed address for ... [d]efendant. On or about May 9, 2013, [the] Tax Collection Supervisor ... had a telephone conversation with ... [d]efendant, where [the Supervisor] advised ... [d]efendant of the need to "catch up" her delinquent taxes in order to avoid a tax foreclosure against her. ...
 
 [D]efendant provided only a fax number for contact with her
 
 , at (704) 660-4442.
 

 5. ... Defendant returned a May 9, 2013 fax from the Tax Collector to [plaintiff] on May 17, 2013, consisting of a fax
 
 *854
 
 cover sheet and an "Agreement of Payment Schedule." This facsimile consisted of two pages as shown on Exhibit 3 of the Affidavit of [the Supervisor], as confirmed by the date, time, and page stamp placed by the facsimile machine on these pages. ...
 
 [D]efendant did not fax a change of address form back to ... [p]laintiff, nor did ... [d]efendant attach a copy of the tax certificate with a new address as alleged in her affidavit.
 

 ....
 

 7. The Watauga County Tax Collection Supervisor was unable to reach ... [d]efendant at the above listed fax number by her facsimile of May 12, 2014.
 

 8. Watauga County sends out delinquent tax notices to taxpayers at least three times a year,
 
 which were returned as undeliverable
 
 .
 

 9. The Watauga County Attorney made a diligent search of the public records of Watauga County in an attempt to locate an address for [defendant] in order to serve the Verified Complaint, including a search of the tax records of Watauga County and the records of the Watauga County Clerk of Superior Court.
 

 10. Additionally, the Watauga County Attorney attempted to contact ... [d]efendant prior to filing suit on September 18, 2014 and June 17, 2015 regarding payment of the delinquent taxes. These letters were returned as "Return to Sender; Not Deliverable as Addressed; Unable to Forward."
 

 11. On September 4, 2015, [plaintiff] filed its Verified Complaint for unpaid
 
 ad valorem
 
 real property taxes.
 

 12. On October 19, 2015, [plaintiff] attempted to serve its Complaint upon ...
 

 *342
 
 [d]efendant at the last known address for ... [d]efendant, Post Office Box 1202; Conover, North Carolina 28613. This letter was returned as "Return to Sender; Not Deliverable as Addressed; Unable to Forward."
 

 13. ... Defendant, Teresa Beal, has failed to attend to the matter of her unpaid
 
 ad valorem
 
 property taxes with the attention which would be accorded by a reasonable and prudent person.
 

 *855
 
 14. [Plaintiff] made diligent and reasonable efforts to locate a valid service address for service of the Verified Complaint upon ... [d]efendant, Teresa Beal.
 

 15. The Court finds the Verified Motion of ... [d]efendant, Teresa Beal, not fully credible.
 

 16. The inattention of ... [d]efendant to her unpaid and delinquent
 
 ad valorem
 
 real property taxes constitutes inexcusable neglect.
 

 17. ... [D]efendant has failed to present the Court with sufficient evidence of a meritorious defense to the allegations contained in the Verified Complaint.
 

 18. Based on the totality of the credible evidence presented in this matter, the Motion to Set Aside and Motion for Sanctions is without merit.
 

 (Emphasis added).
 

 The facts of this case are unique in that plaintiff essentially accomplished or satisfied much of the due diligence requirement before the complaint was ever filed. While normally the filing of the complaint is the event which triggers the period in which a party must do its due diligence in attempting service of process by means other than publication-i.e., service by certified mail-it is clear from the evidence in the record and the trial court's findings of fact that long before plaintiff filed its complaint, plaintiff had been unable to reach defendant at the address she provided to the Watauga County Tax Administrator-Post Office Box 1202, Conover, North Carolina, 28613. Therefore, plaintiff knew from experience that service to defendant at the Conover Post Office box would not be fruitful. As such, the record belies any contention that service by anything other than publication at this point would have been fruitful.
 
 See
 

 Jones
 
 ,
 
 211 N.C. App. at 359
 
 ,
 
 712 S.E.2d at 185
 
 . As stated previously, plaintiff attempted to contact defendant prior to filing suit at the Conover Post Office box address on two previous occasions-18 September 2014 and 17 June 2015-and both letters were returned as "Return to Sender; Not Deliverable as Addressed; Unable to Forward." Indeed, defendant admitted during her 20 May 2016 phone call to plaintiff's attorney regarding the foreclosure sale that the Conover Post Office box was no longer her mailing address, she had moved to another county, and changed her name, all without notifying the County Tax Listing Office. Defendant's contention that "it was common knowledge where she could be found" will not suffice where the
 
 *856
 
 record suggests that since at least 2013, defendant appears to have made every effort to purposefully conceal exactly that fact, i.e., the fact of her whereabouts, at least for the purposes of plaintiff's collecting duly owed property taxes. In other words, defendant will not now be heard to complain on appeal about lack of notice where she failed in the first place to provide notice to the County Tax Listing Office that she had changed her name and moved to another county.
 

 "[A] plaintiff is not required to jump through every hoop later suggested by a defendant in order to meet the requirement of 'due diligence.' This is particularly true when there is no indication in the record that any of the steps suggested by a defendant would have been fruitful."
 

 Id.
 

 " Rule 4(j1) requires 'due diligence,' not that a party explore every possible means of ascertaining the location of a defendant."
 
 Id.
 
 at 358-59,
 
 712 S.E.2d at 184
 
 .
 

 Based on the circumstances of this case, we conclude that where plaintiff already knew from extensive prior experience with defendant that it could not with due diligence effect service of process on defendant by personal delivery or by registered or certified mail,
 
 see
 
 N.C.G.S. § 1A-1, Rule 4(j1), plaintiff's actions satisfied the "due diligence" necessary to justify the use of service of process by publication. Thus, the trial court did not err or abuse its discretion in denying
 
 *343
 
 defendant's motion to set aside entry of default, default judgment, foreclosure sale, and commissioner's deed, and defendant's argument is overruled.
 

 AFFIRMED.
 

 Judges CALABRIA and STROUD concur.